PROCTER & GAMBLE INDEPENDENT UNION OF PORT IVORY, N. Y., Plaintiff,

v.

PROCTER & GAMBLE MANUFACTURING COMPANY, Defendant.

No. 61–C–262.

United States District Court
E. D. New York.
June 20, 1961.

Sabino J. Berardino, Brooklyn, N. Y., for plaintiff, Martin J. Loftus, Newark, N. J., of counsel.

Hale, Stimson, Russell & Nickerson, New York City, for defendant, Jack G. Evans, Dinsmore, Shohl, Dinsmore & Todd, Cincinnati, Ohio, Eugene H. Nickerson, New York City, of counsel.

BARTELS, District Judge.

Plaintiff, a labor union, has instituted this action against defendant-employer seeking judgment (a) compelling the employer to submit certain grievances to arbitration in accordance with its collective bargaining agreement (referred to as the "Agreement") and (b) awarding damages to the Union for violation of the Agreement. According to Article XI of the Agreement, a grievance is any difference between the parties "as to any matter involving the interpretation or application of any provision of this Agreement (or any matter directly affecting the employee in respect to hours of work, wages, or conditions of employment)". A grievance procedure is set up in the Agreement, consisting of four Steps, only one of which, Step 4, deals with arbitration and that step may only be invoked with respect to those grievances "having to do with the interpretation or application of any provision" of the Agreement.

After joinder of issue the Union moved for summary judgment pursuant to Rule 56, Fed.Rules Civ.Proc., 28 U.S.C.A., to compel arbitration. According to the complaint and the letters annexed thereto the grievances sought to be arbitrated are as follows:

(1) *"The Spittel Grievance"*: On September 16, 1960 the Union filed a grievance with the employer charging "Viola-

tion of past practices and agreements and discrimination against a union official", in that the employer failed to pay the minimum wage required by the collective bargaining agreement for a cost clerk job for which Spittel bid in accordance with the collective bargaining agreement. The grievance was processed through the first three Steps which preceded arbitration without a disposition satisfactory to both parties. The Union and employer each designated an arbitrator. On February 1, 1961 the employer wrote to the Union stating that it would not arbitrate the dispute because of a disagreement between the two over the issue or issues to be submitted to arbitration, in that the Union claimed not only a violation of Article III, sec. 5 and Article VII of the collective bargaining agreement, but also sought to additionally submit to arbitration "past practices and agreements" without specifying what past practices and agreements were violated, and also that such practices and agreements were outside the limits of the arbitration provisions of the Agreement, quoting Article XI, sec. 5, which provides:

"The arbitrators shall confine their consideration to the issue or issues submitted in writing by the Employer and the Union before the Board of Arbitration convenes, and shall neither add to nor subtract from the written provisions of this Agreement in reaching their decision."

The employer further asserted that it would not arbitrate matters it had not expressly contracted to arbitrate and therefore revoked the authority of the arbitrator it had appointed.

(2) *"The Wilson Grievance"*: On September 12, 1960 the Union filed a grievance with the employer charging violation of Article XIV, sec. 5 "Foreman Working—Violation of Agreements". The Union charges that Wilson, a foreman, was performing work of a non-supervisory nature regularly assigned to other employees. The employer replied that such work was part of Wilson's training and thus permitted under Article XIV, sec. 5 of the Agreement. Again the parties met and after completing the first three steps of the grievance procedure prior to arbitration, appointed arbitrators. In its letter of February 1, 1961 the employer stated that the Union claimed not only a violation of Article XIV, sec. 5, but also asserted additionally the "Violation of Agreements" without specifying what "agreements" were violated, and that it would not arbitrate issues outside of the collective bargaining agreement. Consequently, the employer revoked the authority of the arbitrator it appointed because of the Union's failure to delete the words "Violation of Agreements" from the statement of issues to be submitted to arbitration, relying on Article XI, sec. 5, supra.

 As above indicated, not every grievance is subject to arbitration. Only those differences involving interpretation or application of any provision of the Agreement may be submitted. Subdivision 5 of Article XI of the Agreement (supra) provides that the issue or issues must be submitted to the arbitrators in writing. While neither party is required to frame the issues in the other's phraseology [1], the disputes must fall within the category of arbitrable grievances and must be submitted in writing for "* * * arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. * * *" United Steelworkers of America v. Warrior and Gulf Navigation Company, 1960, 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409. The question to be decided is whether the dispute submitted in writing to the arbitrators is a difference which is subject

---

1. "* * * Substantive rights and duties in the field of labor-management do not depend on verbal ritual reminiscent of medieval real property law." National Labor Relations Board v. Rockaway News Supply Co., Inc., 345 U.S. 71, 75, 73 S.Ct. 519, 522, 97 L.Ed. 832.

to arbitration. It is not for the Court to decide the merits of this issue since the judgment bargained for was the arbitrator's judgment (United Steelworkers of America v. American Manufacturing Co., 1960, 363 U.S. 564, 80 S.Ct. 1343, 1363, 4 L.Ed.2d 1403, 1432). But all doubtful cases must be resolved in favor of arbitration.[2]

▮ The issues as presented in the complaint and the joint statement signed by counsel for the Union (not an affidavit signed by the party) indicate that the "past practices and agreements" referred to by the Union in the Spittel grievance relate in both instances to a violation of the present Agreement and thus appear to come within the category of a dispute arising out of the interpretation or application of the provisions of the Agreement. The employer denies that these statements represent the position of the Union with respect to the issues in dispute. There is no question that arbitrators may, in reaching their conclusion, consider past practices at the plant as well as in the industry generally and also "bring to bear considerations which are not expressed in the contract as criteria for judgment." United Steelworkers of America v. Warrior and Gulf Navigation Company, supra; see N. L. R. B. v. Radio & Television Broadcast Engineers Union, 1961, 364 U.S. 573, 81 S.Ct. 330, 5 L.Ed. 2d 302, and Cox, Reflections Upon Labor Arbitration, 72 Harv.L.Rev. 1482.

▮ On this motion the Court is not concerned with the process employed by arbitrators in reaching their conclusion. While it must recognize the necessity for flexibility and the special factors applicable to the process of labor arbitration, it must also realize that the function of the Court is nevertheless "confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. * * *" United Steelworkers of America v. American Manufacturing Co., supra, 363 U.S. at page 568, 80 S.Ct.

at page 1346. The issue is not what the parties *now declare* a grievance or dispute to be but what they *declared* the grievance or dispute was when they submitted it in writing to the arbitrators; otherwise the procedural machinery erected by the parties in the Agreement for their self-government would collapse and the issues submitted for arbitration would always be open to *ex post facto* determination by the courts which would not only delay the arbitral process but would add to the procedure a gloss never contracted for by the parties.

▮ With respect to the Spittel grievance, the issue as submitted to the arbitrators in writing is ambiguous and is elastic enough to include past practices and agreements wholly unrelated to the interpretation or application of the provisions of the existing Agreement. Under the submission as thus framed the arbitrators could consider themselves authorized to arbitrate disputes which have no bearing upon the Agreement. Such unrelated past practices and agreements could open a Pandora's box. Phraseology so broad lays the foundation for additional disputes and leaves arbitrators without any guide posts. This no longer becomes a matter of form but becomes a matter of substance. The problem confronting the Court is not the resolution of a doubtful case in favor of arbitration but the extension of arbitrability to agreements and practices not within the scope of the present Agreement. The Spittel grievance as submitted to the arbitrators in writing on its face reaches far beyond the confines of the existing Agreement.

At a hearing it is possible that the Union might be able to establish that the words "past practices and agreements" were understood at the time by both parties and the arbitrators to mean such practices and agreements as relate to a violation of the present Agreement. This of course presents a question of fact.

2. United Steelworkers of America v. Warrior and Gulf Navigation Company, supra.

Even if successful the Union would be confronted with the subsidiary question as to whether under such circumstances a party in submitting its dispute in writing to the arbitrators might also include as the issues in dispute what, in effect, would be evidentiary matters which may or may not be considered by the arbitrators in reaching their conclusion. Issues should be distinguished from evidence and must be intelligently framed to enable the arbitrators to properly perform their duty.

■ As to the Wilson dispute, it is clear that Article XIV prohibits a foreman from doing work not otherwise exempt. In presenting this dispute the Union in its statement of issues used the plural "agreements" instead of the singular "agreement". The Union now contends that "agreements" as used in the submission of issues is the same as the word "agreements" as used in the preamble in Article I of the Agreement, wherein it is stated that "in consideration of the mutual covenants and agreements hereinafter contained", the parties covenant and agree accordingly. The Union further contends that it never intended that the use of the plural should extend the dispute beyond the present Agreement. The employer denies these contentions. The objection by the employer to the use of the plural "agreements" appears to the Court to be *de minimis*. Unless there is some background or other evidence that the use of the plural extended the arbitration to disputes beyond the present Agreement, it must be construed as referring only to the present Agreement. The objection will be rejected. If the Court had any doubt (which it does not have) that the arbitrators could readily proceed with the determination of the dispute based upon the statement in the form submitted by the Union, it would resolve that doubt in favor of arbitrability.

The motion ignored the question of damages and was limited to arbitration. Treating it therefore as a motion for a partial summary judgment, it will be denied as to the Spittel dispute and granted as to the Wilson dispute.

Settle order within five (5) days on two (2) days' notice.