**PROCTER & GAMBLE INDEPENDENT UNION OF PORT IVORY, N. Y.,**
Plaintiff,

v.

**PROCTER & GAMBLE MANUFACTURING COMPANY, Defendant.**
No. 61-C-138.

United States District Court
E. D. New York.
June 20, 1961.

Sabino J. Berardino, Brooklyn, N. Y., for plaintiff, Martin J. Loftus, Newark, N. J., of counsel.

Hale, Stimson, Russell & Nickerson, New York City, for defendant, Jack G. Evans, Dinsmore, Shohl, Dinsmore & Todd, Cincinnati, Ohio, Eugene H. Nickerson, New York City, of counsel.

BARTELS, District Judge.

Plaintiff, a labor union, has instituted this action against defendant-employer seeking judgment (a) compelling the employer to submit certain grievances to arbitration in accordance with its collective bargaining agreement (referred to as the "Agreement") and (b) awarding damages to the Union for violation of the Agreement. According to Article XI of the Agreement, a grievance is any difference between the parties "as to any matter involving the interpretation or application of any provision of this Agreement (or any matter directly affecting the employee in respect to hours of work, wages, or conditions of employment)". A grievance procedure is set up in the Agreement, consisting of four Steps, only one of which, Step 4, deals with arbitration and that step may only be invoked with respect to those grievances "having to do with the interpretation or application of any provision" of the Agreement.

After joinder of issue the Union moved for summary judgment pursuant to Rule 56, Fed.Rules Civ.Proc., 28 U.S.C.A., to compel arbitration. According to the complaint, the exhibits annexed thereto, and the affidavits on the motion, the grievances sought to be arbitrated are as follows:

1. Male production employee doing painter's work;

2. Eliminating Press Operator's job and adding his work on to Mix Man's job classification;

3. Contracting out work normally performed by the Union's bargaining unit;

4. Taking part of the duties of the Duct Cleaner, Machine Cleaner and Machine Steamer and assigning them to a new job classification entitled "Night Equipment Cleanup";

5. Pipefitter on "B" shift performing duties normally performed by a Blacksmith; and

6. Not using a Relief Adjuster to cover the absence of an Adjuster.

The employer declined to arbitrate the above grievances on the ground that there were no violations of the Agreement, and that in any event the Union's grievances were not within the terms of the Agreement. In substance, the employer claims that the Agreement does not restrict its prerogative to add to or eliminate duties from any classification or to transfer duties from one classification to another.

The crux of the matter is whether these grievances involve either "the interpretation or application" of any provision of the Agreement. Before applying this test it must be remarked that it is no defense for the employer upon this application to deny the alleged violation, because the Court does not decide the merits of a grievance. Further, if there is any doubt as to arbitrability of a grievance, that doubt must be resolved in favor of arbitration. United Steelworkers of America v. Warrior and Gulf Navigation Company, 1960, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; United Steelworkers of America v. American Manufacturing Co., 1960, 363 U.S. 564, 80 S.Ct. 1363, 4 L.Ed.2d 1432; Procter & Gamble Independent Union of Port Ivory, N. Y. v. Procter & Gamble Manufacturing Company, D.C.E.D.N.Y.1961, 195 F.Supp. 64. After a comparison of the grievances with the terms of the Agreement, the application will be disposed of as follows:

*Grievances 1, 2 and 4:* These concern the alleged changes in the classifications of employees, or the duties of specific classifications. Under the Agreement, wages and seniority as covered by Articles III and X thereof, are dependent on the classification of the employee. It would be illusory to create classifications and to provide a mechanism for job evaluation and re-evaluation if the classifications could be unilaterally changed. The same may be said of Article III of the Agreement which prohibits the "farming-out" of employees from one classification to another under certain conditions. Accordingly, the Court finds

that these grievances are on their face arbitrable.

■ *Grievances 5 and 6:* These grievances refer to classifications which cannot be specifically identified by an examination of the classification schedule annexed to the Agreement. The merits of the grievance may well depend on their classification pursuant to an interpretation and application of the Agreement. Since doubts must be resolved in favor of arbitration, the Court finds that these grievances are arbitrable.

■ *Grievance 3:* This grievance deals with alleged contracting out of work. The decision in United Steelworkers of America v. Warrior and Gulf Navigation Company, supra, is binding on this Court, which must conclude that the matter is arbitrable.

Since the motion ignored the question of damages, it is therefore limited to compulsory arbitration. To that extent it is granted.

Settle order within five (5) days on two (2) days' notice.