BANBURY v. SHERIN.

(Syllabus by the Court. Opinion filed August 19, 1893.)

Appeal from circuit court, Marshall county. Hon. A. W. CAMPBELL, Judge.

Action to recover damages for wrongfully holding real property after the expiration of a term of tenancy.

This case was decided by the court June 26, 1893. In an opinion found in 4 S. D. ——, 55 N. W. 723, the judgment of the lower court was affirmed. Defendant applied for a rehearing. This opinion is upon the application. Denied.

KELLAM, J. This is an application for a rehearing. The case is reported in 4 S. D. 55 N. W. Rep. 723. The question in the case as presented by the evidence was, what notice, if any, is required to terminate a lease originally made for one

year, but renewed by the tenant holding over and the landlord accepting rent? See Section 3741, Comp. Laws. We say this was the question presented by the facts conceded to be established on the trial, and appellant so states in his petition for rehearing. The complaint, however, alleges no specific term for which the premises were leased, but averred that the lease was "verbal, and was from month to month," and further alleged a thirty-days notice in writing to the defendant to quit.. Upon the trial, defendant objected to evidence under the complaint on the ground that it stated no cause of action, in that it did not show a termination of the lease. In disposing of this question we said the notice alleged "was sufficient to terminate such a lease," under Section 3742, Comp. Laws. On the trial, however, it was proved by the defendant himself, now appellant, and the facts in this respect were not in dispute, that the original lease was in writing, and was for the definite term of one year; that at the end of the year the tenant held over, and the landlord accepted rent. This alone, and without qualifying facts, under Section 3741, Comp. Laws, "renewed the hiring on the same terms and for the same time;" that is, the parties were in the same position as though they had actually made a new written lease for one year. If no notice was necessary to terminate the first lease, then no notice was necessary to terminate the second lease. What we said as to the necessity and sufficiency of the thirty days notice was in reference to the facts and the question then being discussed, to-wit, the sufficiency of the notice alleged in the complaint to terminate such a lease as was therein alleged. Section 3742, upon which appellant relies, does not furnish the rule for this case. That section, by its express terms, applies only to cases where the hiring is for no specified term. Such a lease is terminated by notice, but a lease for a specified term is terminated by its expiration, without action by either party. Such was this case. We therefore regarded it as unimportant to inquire whether the notice which was given would have been sufficient under conditions or in a case which required notice.

The petition for rehearing is denied.