[Civ. No. 11516.    Third Dist.    Dec. 21, 1967.]

DON E. ROSS et al., Plaintiffs and Respondents, v. ARAM HAROOTUNIAN et al., Defendants and Appellants.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

Max H. Hoseit for Defendants and Appellants.

Ralph E. Kingston for Plaintiffs and Respondents.

FRIEDMAN, J.—In this declaratory relief action defendants appeal from a summary judgment in favor of plaintiffs.

On July 13, 1960, defendants, who had originally bought approximately 700 lots within a subdivision at Lake Tahoe, sold one of the lots to Geraldine Bull. The deed contained the following restriction: "DEED RESTRICTIONS: Subject to one private dwelling only to contain no less than 650 square feet of floor space. No tents or trailers allowed at any time." On the same day Geraldine Bull conveyed the same lot to plaintiffs by a deed which omitted the restrictive clause. Both deeds were recorded on July 20, 1960.

In September 1965 plaintiffs commenced the present action, alleging that they desired to build a multiple family dwelling on the lot; averring that the deed restriction was void from its inception, also that it was unenforceable by reason of changed conditions and by reason of defendants' failure to exact the restriction uniformly among lot purchasers; seeking

a declaration that plaintiffs' lot was now free of the restriction.

The parties filed their declarations supporting and opposing the summary judgment motion. Plaintiffs' declaration included a listing of the surrounding lots, showing that on some lots there had been constructed apartment buildings and groups of dwelling units; that on the same block as plaintiffs there were two apartment houses and one duplex, in an adjoining block a dental office, an apartment house and a triplex dwelling; that on others there were trailers. A declaration by defendant Aram Harootunian stated that the subdivision was primarily designed as a summer home tract for single family residences; that by inserting restrictions in his sales contracts he intended to restrict the lots as single family residences for the benefit and protection of all lot owners in the subdivision. In another declaration Mr. Harootunian stated that he was not the original subdivider, but had sold approximately 500 lots in the subdivision and still retained approximately 200 lots; that *with some exceptions* he had inserted the restrictions in the various deeds and contracts; that he had no specific recollection as to individual lots or contracts and it would be necessary to go through the various contracts to determine which of the properties had been sold with or without the restriction; that it had at all times been his intent to restrict the lots for the purpose and benefit of all the lot owners and to keep the subdivision, insofar as he could control it, a single family residence area.

Defendants contend that the trial court erred in granting the summary judgment motion, arguing that plaintiffs inferably had constructive if not actual notice of the restriction in the deed to Geraldine Bull, hence that it was equitably enforceable against them.

A declaratory relief action is an appropriate means to test the enforceability of covenants or servitudes asserted against property. The owner need not violate the restrictions in order to ascertain his rights. (*Marra* v. *Aetna Constr. Co.*, 15 Cal.2d 375, 377 [101 P.2d 490].)

In California a burdensome covenant such as a building restriction does not run with the land, that is, it is not binding at law upon the transferees of the grantee; nevertheless, it may be enforced as an equitable servitude against a transferee who takes with knowledge of its terms and under circumstances which would make avoidance of the restriction inequitable. (*Marra* v. *Aetna Constr. Co., supra*, 15 Cal.2d at

p. 378.) ■ Established California case law has it that such a servitude is enforceable in equity only if the deed restriction contains language indicating it as part of a general plan for the common benefit of a designated larger tract. That rule was established by *Werner* v. *Graham*, 181 Cal. 174 [183 P. 945], and has been the law of California ever since. (See *Martin* v. *Holm*, 197 Cal. 733, 742-743 [242 P. 718]; *Anderson* v. *Pacific Ave. Inv. Co.*, 201 Cal.App.2d 260 [19 Cal.Rptr. 829]; *Girard* v. *Miller*, 214 Cal.App.2d 266 [29 Cal.Rptr. 359]; *Murry* v. *Lovell*, 132 Cal.App.2d 30 [281 P.2d 316].) The larger tract must be designated by a map or other appropriate description. (*Wing* v. *Forest Lawn Cemetery Assn.*, 15 Cal.2d 472, 480 [101 P.2d 1099, 130 A.L.R. 120].)

The restrictive provision in defendants' 1960 deed to Genevieve Bull failed to comply with these demands of California law. Although defendants now claim the existence of a general and uniform plan, the plan is not enforceable because not expressed in the deed. (*Martin* v. *Holm, supra,* 197 Cal. at p. 742; *Murry* v. *Lovell, supra,* 132 Cal.App.2d at pp. 34-35.)

■ Defendants argue that the seller who retains part of the tract may enforce such a restriction even though it falls short of creating a mutually enforceable servitude among the lot buyers. When the deed is properly drawn, mutual servitudes spring into existence between the first parcel conveyed and the remainder of the parcels at the time of the first conveyance. (*Werner* v. *Graham, supra,* 181 Cal. at p. 183; *Murry* v. *Lovell, supra,* 132 Cal.App.2d at pp. 32-33.) An inadequately drawn restriction creates no equitable easement either in the lands retained by the seller or those later to be conveyed by him. (*Wing* v. *Forest Lawn Cemetery Assn., supra,* 15 Cal.2d at p. 479.) ■ There is no privity of contract between defendants and plaintiffs. Defendants' ability to enforce the restriction against a noncontracting lot owner depends upon its status as a mutually enforceable servitude for the benefit of the tract. (Cf., dissenting opinion in *Girard* v. *Miller, supra,* 214 Cal.App.2d at pp. 278-279.) The present restriction lacks that status.

Defendants rely upon *Firth* v. *Marovich*, 160 Cal. 257 [116 P. 729, Ann.Cas. 1912D 1190], which holds that a grantor may enforce a building restriction so long as he continues to own part of the tract. That case was decided before *Werner* v. *Graham* established the present California standards for the creation of enforceable tract restrictions. Today *Firth* stands only for the proposition that the seller has standing to enforce

a valid servitude so long as he retains part of the tract. (See *Bramwell* v. *Kuhle,* 183 Cal.App.2d 767, 775-776 [6 Cal.Rptr. 839].) The present defendants' standing to sue has no significance, for their deed failed to create a valid servitude.

When the deed to the original buyer falls short, it is not significant that a later buyer may have purchased with notice of the restriction. (*Werner* v. *Graham, supra,* 181 Cal. at p. 179.) Thus defendants' claim that plaintiffs had actual or constructive knowledge of the restriction in the original deed posed no meaningful triable issue of fact.

Given a deed creating an enforceable servitude, the case might have gone to trial upon such fact issues as changed conditions or defendants' failure to impose the restriction uniformly. Defendants' form of deed, however, failed to create a mutually enforceable servitude. There was no triable issue in the lawsuit.

Judgment affirmed.

Pierce, P. J., and Regan, J., concurred.