HUGHES-JOHNSON CO., Respondent v. DAKOTA MIDLAND HOSPITAL, Appellant

(195 N.W.2d 519)

(File No. 10983. Opinion filed March 14, 1972)

362

**Maloney, Kolker, Kolker & Fritz,** Aberdeen, for defendant and appellant.

**Ronayne & Richards,** Aberdeen, for plaintiff and respondent.

HANSON, Presiding Judge.

In this action to recover the balance alleged due on a construction contract defendant contends the trial court improperly granted summary judgment in favor of plaintiff.

The plaintiff, Hughes-Johnson Company, a contracting firm, and the defendant, Dakota Midland Hospital, are both South Dakota corporations with principal offices in the City of Aberdeen. The complaint, dated August 28, 1970, alleges, in substance, that the parties entered into a written agreement, which is attached to the complaint as Exhibit A, for the construction of a hospital building for the agreed sum of $1,051,544.60; that plaintiff performed all the services and furnished all of the labor and materials required by the contract in a satisfactory manner; and after giving defendant credit for all payments made there remains a balance of $5,000 due plaintiff. Defendant's answer generally denies the allegations of the complaint and affirmatively alleges payment of the account in full.

On October 1, 1970, after the issues were joined, plaintiff served interrogatories on defendant requesting, among other things, the time, manner, and amount of each payment claimed to have been made on the contract. After receiving defendant's response plaintiff moved the court for an order requiring more responsive answers. After a hearing this motion was granted and the court entered its order on November 10, 1970 requiring more specific and detailed answers to the interrogatories. Defendant failed or neglected to comply in any manner and plaintiff again moved the court for relief. After another hearing the court entered an order on January 27, 1971 specifically enumerating the documents and information to be furnished by defendant in order to be in compliance. Again, the answers submitted were not responsive and were not supplemented with copies of canceled checks, receipts, or other documents evidencing the time, manner, and amount of payments claimed to have been made as requested in the interrogatories and as ordered by the court.

On April 2, 1971 plaintiff moved for summary judgment. The motion was supported by the affidavit of Clarence F. Johnson, President of the Hughes-Johnson Company. The affidavit referred to the contract relating to the construction of the hospital for the agreed sum of $1,051,544.60; the satisfactory completion of all obligations thereunder. Exhibit "B" was attached to and made a part of the affidavit by reference. It contained a detailed schedule of the time and amount of each payment made by defendant in the total amount of $1,046,544.60, leaving a balance due of $5,000. In resistance to the motion defendant filed an affidavit executed by Dennis Maloney, as its attorney and as Secretary of its Board of Trustees. Such affidavit alleged there was no proper foundation for a summary judgment as the Clarence F. Johnson affidavit was a self-serving declaration and not subject to cross-examination. The affidavit further generally alleged full payment of the contract and stated the issues in the case could not be determined without a trial. After a hearing, the trial court entered its order on April 19, 1971 granting summary judgment for plaintiff in the amount of $5,000 together with interest thereon at the rate of 6% per annum from April 1, 1970.

According to SDCL 15-6-56(c) a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Contrary to defendant's contention the general allegations and denials contained in its answer and responsive affidavit did not create a genuine issue as to a material fact. This is clearly answered by SDCL 15-6-56(e) which states, in part, that "When a motion for summary judgment is made and supported as provided in § 15-6-56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in § 15-6-56, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The function of Rule 56 is to provide a procedural device for promptly disposing of actions in which there are no genuine issues of material facts. "To attain this end, the rule permits a party to pierce the allegations of fact in the pleadings and to obtain relief by summary judgment where facts set forth in detail in affidavits, depositions, answers to interrogatories, and admissions on file show that there are no general issues of material fact to be tried." 6 Moore's Federal Practice, § 56.04(1), p. 2058. To allow formal denials and conclusory pleadings to raise genuine issues against uncontradicted facts would nullify the utility of the rule.

■ The burden, of course, is on the moving party to show there are no genuine issues of material facts. However, SDCL 15-6-56(e) requires the opposing party to be diligent in resisting a motion for summary judgment, and mere general allegations and denials which do not set forth specific facts will not prevent the issuance of a judgment. Liberty Leasing Co. v. Hillsum Sales Corporation, 5 Cir., 380 F.2d 1013; Engl v. Aetna Life Ins. Co., 2 Cir., 139 F.2d 469.

■ In the present action the affidavit filed by plaintiff in support of his motion for summary judgment was sufficient in

form and substance to make out a prima facie case in accordance with the allegations of his complaint showing that the sum of $5,000 was due and owing from defendant. It was specific and detailed as to the dates and amounts of all payments made by defendant to plaintiff on the construction contract. This evidentiary matter stood uncontradicted and unrefuted. Defendant's responsive affidavit, formal denials, and conclusory allegations did not set forth any specific facts in rebuttal and were not sufficient in form or substance to raise any genuine issues of fact for trial.

The issue in this action is not complex. The credibility of witnesses is not involved. The entire matter could be resolved on documentary evidence in the form of canceled checks, receipts, and records which were, or should have been, readily available to defendant. As the court concluded in Atlantic States Construction Co., v. Robert E. Lee & Co. of S. C., 4 Cir., 406 F.2d 827, "we have here simply an accounting problem which is especially suited to disposition by summary judgment, **viz.,** the determination from available accounts and records of the amount of credit due on a promissory note.   *   *   *   Where such facts, if they exist, are readily accessible to defendants and are not produced, we hold that the motion for summary judgment was properly granted."

Affirmed.

All the Judges concur.