[Civ. No. 31615. First Dist., Div. Four. Oct. 24, 1973.]

ROBERT G. TRAHMS et al., Plaintiffs and Appellants, v.
RICHARD STARRETT et al., Defendants and Respondents.

## COUNSEL

Morris M. Grupp and G. H. Van Harvey for Plaintiffs and Appellants.

Hawkins & Hawkins and Herbert G. Hawkins for Defendants and Respondents.

**OPINION**

**CHRISTIAN, J.**—Plaintiffs (appellants) Robert G. Trahms and Nancy A. Trahms are the owners of a home which occupies two lots in a subdivision in Tiburon known as "Marinero Residence No. 1, Unit 2." Defendants (respondents) are the owners of a neighboring residence in the same tract. Appellants sought to enjoin respondents from violating a covenant restricting the use of the property; removal of a structure allegedly built in violation of the covenant was also prayed. Respondents' motion for judgment on the pleadings was granted; plaintiffs have appealed. We affirm the judgment.

Respondents took title to their lot from Marinero Residence No. 1, Inc. (hereinafter "Marinero"), by deed dated October 27, 1966, and recorded on November 10, 1966. Appellants obtained their two lots by deeds respectively dated January 20, 1967, and May 22, 1968, and recorded January 30, 1967, and May 23, 1968.

Prior to deeding out any lots in the tract, Marinero filed a subdivision map and on January 16, 1964, recorded a declaration of tract restrictions. The restrictions were stated to be imposed on all property in the tract as part of a "general plan of development, improvement, building, occupation and maintenance." Obligations were to run with the land and be enforceable by Marinero or by the owner of any lot in the affected area. The restriction which appellants seek to enforce reads as follows: "No . . . structure or improvement shall be placed or located upon any lot so as to constitute an unreasonable or substantial interference with the view enjoyed by any other lot. [Marinero] reserves to itself the sole right to determine whether any proposed structure or improvement will constitute an unreasonable or substantial interference with the view enjoyed by any lot."

After this declaration of tract restrictions had been recorded, Marinero began deeding out lots in the subdivision. The first deed referred to and adopted as covenants the restrictions contained in the recorded declaration; so did three other deeds recorded prior to the issuance of respondents' and appellants' deeds. But at least 14 deeds recorded before the deeds to appellants and respondents made no reference to the restrictions. The deeds to appellants and respondents were similarly silent. It was alleged, however, that respondents executed and delivered to Marinero, before Marinero delivered the deed to them, a copy of the subdivision report of the Real Estate Commissioner, which referred to the restrictions, and that the restrictions were also referred to in documents issued to them in connection

with title insurance. Respondents did submit plans to Marinero for approval as if to comply with the restrictions; appellants allege that the submission was false and misleading, but the restrictions which appellants seek to enforce reserved to Marinero the "sole right to determine whether any proposed structure or improvement will constitute an unreasonable or substantial interference with the view enjoyed by any lot." There is no allegation that appellants have obtained or sought such a determination by Marinero.

After respondents' house had been built, appellants asserted that it interfered with their view. Appellants sued, alleging that respondents had violated the above-quoted restriction in the declaration of tract restrictions.

■ We note first that the complaint does not effectively allege that the restriction pertaining to view was violated. It is entirely consistent with the complaint to suppose, as is indeed suggested by some allegations, that respondents submitted a plan to Marinero and obtained the approval of the entity which possessed the "sole right" to make such a determination. The conclusionary statement that the plans submitted to Marinero "did not truly represent the proposed structure" is not sufficient to remove from Marinero the ultimate responsibility to determine whether there was an interference with appellants' view.

Thus respondents will prevail on the appeal whether or not the restrictions are held to be enforceable by appellants against respondents.

■ Nevertheless, we consider briefly the arguments of appellants. It is contended that a generally enforceable equitable servitude to give effect to a development plan for a subdivision can be created by restrictions adopted in a single deed from the subdivider to the owner of one lot. A covenant restricting the use of one parcel of land for the benefit of another parcel, not merely between the original parties to the covenant but also between their respective grantees who have no privity of estate or of contract, is often referred to as an equitable servitude or equitable easement. (See, e.g., *Werner* v. *Graham* (1919) 181 Cal. 174, 180 [183 P. 945]. See generally Burby, *Land Burdens in California: Equitable Land Burdens* (1937) 10 So.Cal.L.Rev. 281, 284-292.) ■ To create an equitable servitude, both the grantor and a grantee must intend that a parcel of land conveyed from the grantor to the grantee be restricted pursuant to a general plan. (*Werner* v. *Graham, supra,* at p. 182.) That intent must appear in the instruments exchanged between them. (*Ibid.*) The agreement between the two parties must show "that the parcel conveyed [is] subject to restrictions in accordance with the plan for the benefit of all the other

parcels and also that all other parcels [are] subject to such restrictions for its benefit." (*Id.* p. 183.) The dominant and servient tenements must be shown. (*Id.* pp. 180, 183.) If these conditions have been met the grantee of the first deed from the developer of a tract will be entitled to enforce the covenants as to all the remaining area placed under equitable servitude; operation of the recording statutes will prevent the developer from exempting other grantees by omitting reference to restrictions in drawing later deeds. (*Girard* v. *Miller* (1963) 214 Cal.App.2d 266, 276 [29 Cal.Rptr. 359].)

Thus the grantees of the first lot, whose deed did refer to and adopt the restrictions, could enforce them against a person who succeeded to any of Marinero's lots, as long as the successor had actual or constructive notice of the restrictions. (*Werner* v. *Graham, supra,* 181 Cal. 174, 183-184; see *Russell* v. *Palos Verdes Properties* (1963) 218 Cal.App.2d 754, 763 [32 Cal.Rptr. 488].) Similarly, Marinero could enforce the restrictions against the grantee's successor who took title with notice of the restrictions. (See *Arrowhead Mut. Service Co.* v. *Faust* (1968) 260 Cal.App.2d 567, 580 [67 Cal.Rptr. 325].) Successors to a grantee possessing a dominant interest could enforce the restrictions against successors to Marinero, provided the notice requirement was met, and vice versa. (See *Werner* v. *Graham, supra,* at pp. 183-184; *Martin* v. *Holm* (1925) 197 Cal. 733, 745-746 [242 P. 718].) But a grantee possessed of a dominant interest could not enforce the restrictions as to lots that were deeded without restriction by Marinero prior to the execution of the grantee's deed. This conclusion follows from the fact that a grantor cannot place restrictions on land he does not own, or contract for third parties without their consent. (See *Werner* v. *Graham, supra,* at pp. 181, 183-184. See generally Powell on Real Property, par. 679, at pp. 207-210.)

Therefore the grantees whose deeds incorporated the restrictions, and were issued prior to the issuance of appellants' deeds, could enforce the restrictions on appellants. But neither appellants' deeds nor respondents' deed expressly or by reference adopted the restrictions. The facts that respondents may have known of the recorded tract restrictions by virtue of references in the report of the Real Estate Commissioner and in documents received from the title insurance company did not act as an agreement on their part to abide by the tract restrictions. (*Girard* v. *Miller, supra,* 214 Cal.App.2d 266, 271-274.) The deed was the "final and exclusive memorial of the intention and rights of the parties." (*Martin* v. *Ray* (1946) 76 Cal.App.2d 471, 476 [173 P.2d 573].)

Since neither appellants nor respondents agreed in their deeds to abide by the restrictions, appellants cannot enforce the restrictions on respondents. The fact that a few lot owners, who were granted deeds incorporating the restrictions prior to the grant to respondents, can enforce the restrictions on respondents' lot does not determine the question whether appellants can enforce the restrictions. The servitudes created by those prior deeds run from respondents' lot to each of the lots conveyed by prior deeds which adopted the restrictions, not between appellants' lots and respondents' lot.

■ Appellants also suggest that without regard to any equitable servitude they are entitled to enforce, as beneficiaries, a contract between Marinero and respondents. There was no privity of contract between appellants and respondents. There is no allegation that respondents executed an agreement with Marinero to abide by the restrictions for the benefit of appellants as third-party beneficiaries. Therefore appellants cannot enforce the restrictions under contract principles. (Cf. *Girard* v. *Miller, supra,* 214 Cal.App.2d 266, 271-274; also see *Ross* v. *Harootunian* (1967) 257 Cal. App.2d 292, 295 [64 Cal.Rptr. 537]. See generally Rest., Property, § 541, coms. c and f [third-party beneficiary theory of benefits running with land]; Powell on Real Property, *supra,* par, 679, at pp. 210-211.)

The judgment is affirmed.

Devine, P. J., and Rattigan, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 16, 1974.