Lloyd A. LEE, Plaintiff and Appellant,

v.

Cecil BEAUCHENE, Individually and
d/b/a Interstate Speedway,
Defendant and Appellee.

No. 13811.

Supreme Court of South Dakota.

Considered on Briefs Nov. 18, 1982.

Decided Aug. 24, 1983.

Denis R. Eckert, Elk Point, for plaintiff
and appellant.

John Simko of Woods, Fuller, Shultz &
Smith, P.C., Sioux Falls, for defendant and
appellee.

PER CURIAM.

This is an appeal from an order granting
appellee Cecil Beauchene's motion for sum-
mary judgment and dismissing appellant
Lloyd A. Lee's complaint with prejudice.
We affirm.

Appellee owns the Interstate Speedway,
a dirt race track near Jefferson, South Da-
kota. On May 27, 1979, appellant, who had
previously raced on the track, paid the en-
trance fee for a stock car race. Before
entering the infield or racing he signed a
"Voluntary Release-Assumption of Risk and
Indemnity Agreement" which provided,

> Each undersigned person requests and
> is granted permission (1) to enter the
> RESTRICTED AREA, (2) to participate
> as driver, crew or assistant in racing
> events, (3) to compete for money, prizes,
> recognition or reward, (4) to be covered
> by participants' hospitalization insurance,
> if applicable, as limited by the master
> insurance policy (all collectively herein
> called "permissive entry").
>
> In consideration of "permissive entry"
> to the restricted area, which is the area
> from which admission to the general pub-
> lic is restricted, which includes but is not
> limited to the pit area, racing surface,
> infield, adjacent walkways, concessions,
> and other appurtenances, I (each of the
> undersigned) for myself, my personal rep-
> resentatives, heirs, next of kin, spouse
> and assigns, DO HEREBY:
>
> 1. RELEASE, DISCHARGE AND
> COVENANT NOT TO SUE the track
> operators, track owners, land owners, rac-
> ing association, and each of them, their
> officers, agents and employees (all here-
> inafter collectively referred to as "releas-
> ees") from any and all claims and liability

arising out of strict liability or ordinary negligence of releasees or any other participant which causes the undersigned injury, death, damages or property damage. I hereby covenant to hold releasees harmless and indemnify releasees for any claim judgment or expense releasees may incur arising out of my activities or presence in the restricted area.

2. UNDERSTAND that my entry into the restricted area and/or participation in racing events contains DANGER AND RISK OF INJURY OR DEATH, that conditions of the racing surface change from time to time and may become more hazardous, and that there is INHERENT DANGER in racing which I appreciate and voluntarily assume, because I choose so to do. I have observed many races of the type that I seek to participate in, I have inspected the racing surface, access roads, shoulders, equipment, barriers or lack thereof, lighting or lack thereof, and the weather conditions, I further know that other contestants and participants pose a danger to me, nevertheless, I VOLUNTARILY ELECT TO ACCEPT ALL RISKS connected with my entry into the restricted area and/or participation in any racing events.

3. ACKNOWLEDGE that I am aware of all track and equipment safety regulations and I have complied with each regulation. If I have failed so to do, I ASSUME ALL RISK for myself and assume all liability to others for such failure, and I hereby RELEASE releasees for any failure in inspecting my vehicle or others. I am not an agent, servant or employee of releasees and no oral representations or inducements have been made to me to sign this agreement. If any portion of this agreement is held invalid, it is agreed that the balance thereof shall continue in full legal force and effect.

4. AGREE that this agreement shall apply to any incident, injury, accident or death occurring at the captioned track on the above date, and to any incident, injury, accident or death occurring within a period of one (1) year after the execution of this agreement.

I HAVE READ THIS DOCUMENT. I UNDERSTAND IT IS A RELEASE OF ALL CLAIMS.
I UNDERSTAND I ASSUME ALL RISK INHERENT IN RACING.
I VOLUNTARILY SIGN MY NAME EVIDENCING MY ACCEPTANCE OF THE ABOVE PROVISIONS.

According to appellant, all race cars go onto the track for twenty or thirty laps at the beginning of a meet to pack the track for racing. On May 27, appellant made approximately seven laps. He found the racing surface smooth, and in good condition. At 9:30 p.m., during the second to the last race of the night, appellant's car struck a hole that he estimated was one to one and one-half feet deep. The car flipped; appellant was paralyzed from the waist down. This action resulted.

In his complaint, appellant alleged that appellee, as speedway owner and manager, "acted in a grossly negligent and careless manner" by (1) failing to warn appellant of hazardous conditions on the racing surface, (2) failing to inspect the surface to discover these conditions, and (3) failing to maintain the surface. Appellee moved for summary judgment, arguing that appellant had released him from liability by signing the "Voluntary Release—Assumption of Risk and Indemnity Agreement." Appellant filed an affidavit opposing the motion. The trial court, by order, granted the motion.

■ The release signed by appellant is typical of that commonly used in the racing industry. Annot., 13 A.L.R. 4th 623 (1982). In the absence of a legislative directive, these releases have withstood attacks that they are contrary to public policy. *Tope v. Waterford Hills Road Racing Corp.,* 81 Mich.App. 591, 265 N.W.2d 761 (1978). Valid releases, however, are generally not construed to cover willful negligence or intentional torts. *Winterstein v. Wilcom,* 16 Md. App. 130, 293 A.2d 821 (1972); *see* SDCL 53-9-3 (contracts exempting one from responsibility for willful injury are against the policy of the law).

In South Dakota, willful acts and negligent acts may subject one to tort liability. SDCL 20–9–1. While appellant accused appellee of failing to warn, inspect; and maintain and characterized this failure as "grossly negligent and careless," he did not allege any specific act which could be construed as anything but ordinary negligence. Appellant did not plead any willful or intentional act. "Willful and wanton misconduct is something more than ordinary negligence but less than deliberate or intentional conduct. *Granflaten v. Rohde,* 66 S.D. 335, 283 N.W. 153 (1938). Conduct is gross, willful, wanton, or reckless when a person acts or fails to act, with a conscious realization that injury is a *probable,* as distinguished from a *possible* (ordinary negligence), result of such conduct." *VerBouwens v. Hamm Wood Products,* 334 N.W.2d 874, 876 (S.D. 1983). *See Seymour v. New Bremen Speedway, Inc.,* 3 Ohio App.2d 141, 287 N.E.2d 111 (1971).

█ The conduct complained of, and the type of accident that occurred are clearly contemplated by, and within the scope of the release. SDCL 15–6–56(e) requires that the party opposing a motion for summary judgment be diligent in resisting the motion. "[M]ere general allegations and denials which do not set forth specific facts will not prevent the issuance of a judgment." *Hughes-Johnson Co. v. Dakota Midland Hospital,* 86 S.D. 361, 195 N.W.2d 519, 521 (1972). Appellant failed to allege any willful acts that would bring appellee's conduct outside of the coverage of the release.

The order is affirmed.

FOSHEIM, C.J., deeming himself disqualified, did not participate.