Ivan and Beverly PETERSON,
Plaintiffs and Appellants,

v.

Emmett ROGERS, Defendant
and Appellee,

and

Ivan and Beverly PETERSON,
Plaintiffs and Appellants,

v.

Carol M. RICH, Katherine Eichacher,
and Linda T. Larson, Defendants
and Appellees.

No. 14250.

Supreme Court of South Dakota.

Considered on Briefs March 22, 1984.

Decided April 25, 1984.

See also, S.D., 345 N.W.2d 61.

Keith R. Strange of Strange, Strange & Palmer, Sioux Falls, for plaintiffs and appellants.

Thomas Welk of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, for defendant and appellee Emmett Rogers.

Lon J. Kouri of May, Johnson, Doyle & Becker, Sioux Falls, for defendants and appellees Carol M. Rich, Katherine Eichacher and Linda T. Larson.

DUNN, Justice.

This is an appeal from a summary judgment granted to the defendants in a negligent misrepresentation action. We affirm.

Carol M. Rich, Katherine Eichacher, and Linda T. Larson are the owners of certain farmland north of Sioux Falls, South Dakota. Under a series of written leases extending over a twelve-year period, the owners leased the land to appellants Ivan and Beverly Peterson. The final lease expired in March of 1981.

During 1980, the owners hired Emmett Rogers to manage the property. Rogers was given "free rein" in the management; he received no specific instructions from the owners concerning terms of any new lease or who the lessees should be. In December of 1980, Rogers informed appellants that the land would not be leased to appellants after expiration of their current lease. Consequently, appellants liquidated

their farming operation and made arrangements to move. Sometime after the liquidation occurred, Rogers advised appellants that they could remain on the farm; appellants refused the offer.

Appellants brought suit against both Rogers and the owners, claiming that losses suffered as a result of the liquidation were caused by Rogers' negligent misrepresentation that the lease would not be renewed. Rogers and the owners moved for summary judgment against appellants and the trial court granted the motion.

The sole issue raised on appeal is whether the trial court erred in granting summary judgment. SDCL 15-6-56(c) states that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In making these determinations, the trial court must review the facts in a light most favorable to the nonmoving party. *Bourk v. Iseman Mobile Homes, Etc.*, 316 N.W.2d 343 (S.D.1982); *Wilson v. Great Northern Railway Company*, 83 S.D. 207, 157 N.W.2d 19 (1968). Appellants contend that in view of the facts outlined above, a negligent misrepresentation occurred, thus creating genuine issues to be resolved at trial. We disagree.

■ The tort of negligent misrepresentation has long been recognized in this jurisdiction, dating back to *Boos v. Claude*, 69 S.D. 254, 9 N.W.2d 262 (1943). In *Littau v. Midwest Commodities, Inc.*, 316 N.W.2d 639 (S.D.1982), we stated the elements which must be proven before relief may be granted under the theory of negligent misrepresentation. One of these elements is that the representation upon which the plaintiff relied must be *false or erroneous. Id.* at 644. In accord is the Restatement (Second) of Torts § 552 (1977): "One who ... supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss ...."

■ There is no dispute among the parties as to all the essential facts in this case. The only potential factual issue is whether Rogers' initial statement to appellants was false. However, appellants have made absolutely no showing that Rogers' representation to them in December of 1980 was false at the time it was made. They have filed no affidavits opposing the summary judgment motion and have relied exclusively upon general allegations that a misrepresentation occurred. Appellants seem to assume that since Rogers later changed his mind about leasing the farm to them, his first statement must have been false. However, such a conclusion does not logically follow, especially since all the evidence in the record indicates that Rogers actually did intend to lease the land to persons other than appellants when appellants' lease expired. No evidence to the contrary was ever presented by appellants.

SDCL 15-6-56(e) requires the party opposing a summary judgment motion to be diligent in resisting it; mere general allegations which do not set forth specific facts will not prevent issuance of a summary judgment. *Lee v. Beauchene*, 337 N.W.2d 827 (S.D.1983); *Hughes-Johnson Co. v. Dakota Midland Hospital*, 86 S.D. 361, 195 N.W.2d 519 (1972). Since appellants have failed to set forth any evidence on the essential element of the falsity of the representation, summary judgment was properly granted.

■ Additionally, we note that a lease for an agreed term is terminated by its expiration, without the need for action by either party. SDCL 43-32-22; *Banbury v. Sherin*, 4 S.D. 166, 56 N.W. 67 (1893). Therefore, since the written lease expired in March of 1981, appellants had no rights in the property beyond that date; and, absent other factors, appellants had no right to assume that their leasehold interest would be extended. Rogers' statement in December of 1980 that the owners did not intend to renew appellants' lease was clearly within the legal rights of the owners

since there is no evidence in the record to indicate the statement was made falsely.

The summary judgment is affirmed.

All the Justices concur.