The WESTERN CASUALTY & SURETY COMPANY, a Corporation; the Western Fire Insurance Company, a Corporation; and the Western Indemnity Company, Inc., Plaintiffs and Appellees,

v.

John N. GRIDLEY, Jr., d/b/a John Gridley & Associates, Defendant and Appellant.

No. 14501.

Supreme Court of South Dakota.

Considered on Briefs Oct. 24, 1984.

Decided Feb. 6, 1985.

Rehearing Denied March 18, 1985.

Francis M. Smith of Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, for plaintiffs and appellees.

David C. Humphrey, Yankton, for defendant and appellant; John N. Gridley, III, Sioux Falls, on brief.

YOUNG, Circuit Judge.

This is an appeal from a circuit court modification of an arbitration award. We affirm the circuit court's decision.

Plaintiff-Appellees, Western Casualty and Surety Company, the Western Fire Insurance Company, and the Western Indemnity Company (Western), sued Defendant-Appellant, John N. Gridley, Jr. (Gridley) for breach of contract. Western alleges that Gridley owed them money he received as a premium for the South Dakota State Fleet Liability Policy.

After arbitration, Gridley amended his counterclaim, and both parties appealed to circuit court to modify the award pursuant to SDCL 21–25A–28. The trial court granted Western's motion for a summary judgment on Gridley's five counterclaims. The court confirmed the formula the arbitration panel used in arriving at the credit due Gridley for profit sharing from Western, but modified Western's award to $83,877.66 due to a mathematical correction.

Gridley appealed the circuit court's decision. He now alleges that the trial court should have reduced the arbitrators' award by an additional amount. Further, Gridley claims the trial court improperly granted summary judgment on tort claims that involve a state of mind.

SDCL 21–25A–28 sets forth the grounds upon which an award may be modified or corrected. It states in part:

(1) There was an evident miscalculation of figures or an evident mistake in

the description of any person, thing or property referred to in the award;

(2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) The award is imperfect in the matter of form, not affecting the merits of the controversy.

See *Aamot v. Eneboe*, 352 N.W.2d 647 (S.D.1984).

The trial court modified the arbitrators' award pursuant to subsection 1. The court confirmed the arbitration panel's formula in arriving at the credit due Gridley for profit sharing. As a result, the trial court properly modified the arbitrators' award.

■■■■ As a final note, one of the objects of arbitration is the finality of decisions. The purpose of arbitration is to settle controversy and avoid litigation. *See L.R. Foy Const. Co. v. Spearfish Sch. Dist.*, 341 N.W.2d 383, 388 (S.D.1983) (Henderson, J., specially concurring). This purpose would be defeated if the losing party after arbitration had ready access to the court as though no arbitration existed. *City of Bloomington v. Local 2828, Etc.*, 290 N.W.2d 598, 602 (Minn.1980); *Park Construction Co. v. Independent School Dist. No. 32*, 216 Minn. 27, 31, 11 N.W.2d 649, 652 (1943); *Carolina Virginia Fashion Exhibitors, Inc. v. Gunter*, 41 N.C.App. 407, 410, 255 S.E.2d 414, 417 (1979). Unless one of the statutory subsections is applicable, arbitration awards are presumptively correct.

Gridley's second issue deals with the trial court's summary judgment on the counterclaims. Specifically, Gridley counterclaimed for future damages, misrepresentation and fraudulent inducement, wrongful and tortious cancellation and interference of the contract, misrepresentation, and punitive damages.

SDCL 15–6–56 governs summary judgments. Specifically, SDCL 15–6–56(e) states in part that

[w]hen a motion for summary judgment is made and supported as provided in § 15–6–56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in § 15–6–56, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

■■■■ Gridley's counterclaims in his answer are mere allegations and will not defeat a motion for summary judgment under the foregoing rule. Gridley's affidavits submitted in response to Western's motion for summary judgment also contain mere allegations and arguments and are devoid of any specific facts. The non-moving party must present specific facts which demonstrate there is a genuine, material issue for trial. *Brown County Co-op v. Rasmussen-King Cattle Co., Inc.*, 300 N.W.2d 265, 270 (S.D.1980). Allegations which do not set forth specific facts will not prevent the issuance of a summary judgment. *Peterson v. Rogers*, 347 N.W.2d 580, 581 (S.D. 1984) (negligent representation); *Ruple v. Weinaug*, 328 N.W.2d 857, 860 (S.D.1983) (defamation, libel, slander); *Bourk v. Iseman Mobile Homes*, 316 N.W.2d 343, 344 (S.D.1982) (breach of warranty, fraud).

The rationale for the rule was explored in *Hughes-Johnson Co. v. Dakota Midland Hospital*, 86 S.D. 361, 364, 195 N.W.2d 519, 520 (1972):

The function of Rule 56 is to provide a procedural device for promptly disposing of actions in which there are no genuine issues of material facts. "To attain this end, the rule permits a party to pierce the allegations of fact in the pleadings and to obtain relief by summary judgment where facts set forth in detail in affidavits, depositions, answers to interrogatories, and admissions on file show that there are no general issues of material fact to be tried." ... To allow formal denials and conclusory pleadings to raise genuine issues against uncontra-

dicted facts would nullify the utility of the rule.

■ Finally, the doctrine of res judicata is applicable to arbitrators' final awards. *Dehnart v. Waukesha Brewing Co.*, 21 Wis.2d 583, 588, 124 N.W.2d 664, 667 (1963); *Park Construction Co., supra*, 11 N.W.2d at 653. The arbitration panel explored and resolved Gridley's counterclaims 1 and 3. As a result, the trial court properly affirmed the arbitrators' award.

The trial court's orders granting summary judgment and modifying the arbitration award are affirmed.

WOLLMAN, MORGAN and HENDERSON, JJ., and WUEST, Acting Justice, concur.

YOUNG, Circuit Judge, sitting for FOSHEIM, C.J., disqualified.