**C.W. HYDE, Trustee of the Pauline Klabo Trust, Plaintiff and Appellee,**

**v.**

**Jonathan W.A. LIEBELT and Charlotte A. Liebelt, Defendants and Appellants.**

**No. 15125.**

Supreme Court of South Dakota.

Considered on Briefs April 22, 1986.

Decided July 9, 1986.

Rehearing Granted Aug. 29, 1986.

Kent Hyde, of Hyde Law Office, Aberdeen, for plaintiff and appellee.

Carlyle E. Richards, P.C., Aberdeen, for defendants and appellants.

WUEST, Justice.

This is an appeal from a grant of summary judgment in a declaratory judgment action regarding the nature of a restrictive covenant contained within a contract for deed. We reverse.

Appellee C.W. Hyde (Hyde) brought this declaratory judgment action as trustee of the estate of Pauline Klabo (Klabo). On May 15, 1975, Klabo purchased certain real property in Brown County, South Dakota, from appellants Jonathan and Charlotte Liebelt (Liebelts), under a contract for deed. Paragraph nine of the contract for deed states the following:

> Buyer, for herself, her successors in interest and assigns, agrees that no part of

---

\* Depositions on file reflect that guidelines for this governmental body do exist, and the Director so acknowledged.

the above described premises shall ever be used for any of the following purposes: (a) an area for the display of mobile homes or trailer homes of any kind; or (b) an area for the display, sales or servicing of any sort of recreational vehicles, whether of the two, three or four wheel kind; or (c) for the construction of a motel or motor inn. The parties agree that these restrictions shall constitute covenants running with the land and that any conveyance signed by Sellers shall be subject to the within covenants.

Hyde was negotiating a sale of the property to the owner of an adjacent motel. When the motel owner discovered the restriction in the contract regarding motels, he refused to purchase the property unless the restriction was removed. Consequently, Hyde brought a declaratory judgment action asking the trial court to determine: (1) that the restrictive covenants contained within paragraph nine, *supra,* do not run with the land; or, alternatively, (2) what uses may be made of the land without violating the restrictions.

Both parties moved for summary judgment. The trial court granted Hyde's motion for summary judgment and declaratory relief therein. The court held that the covenant in question was personal to the vendee and did not run with the land. The expressed rationale of the trial court was that the restrictions of the contract did not benefit the subject premises or any adjacent property and therefore did not qualify as "covenants running with the land," pursuant to SDCL 43–12–2(1). The trial court concluded that

if [Hyde] completes his purchase of the land and sells to a subsequent purchaser, the restrictive covenant does not go with the land and is not effective against the purchaser. If the plaintiff retains the land or assigns his interest in the contract for deed to another, that person takes over subject to the same terms that were effective against [Hyde] and [Liebelts] can enforce the restrictive covenant against either [Hyde] or the subpurchaser who assumes his contract.

The trial court also dismissed Liebelts' contention that the restrictions might constitute an equitable servitude on the subject premises, *citing Trahms v. Starrett,* 34 Cal.App.3d 766, 110 Cal.Rptr. 239 (1974), for the proposition that no such equitable servitude may exist without an agreement between the parties that such restrictions are part of a general plan wherein several parcels are subject to, and benefited by, the same restrictions. Liebelts appeal from only this portion of the judgment, contending the correct rule of law is found in *Standard Meat Co. v. Feerhusen,* 204 Neb. 325, 331, 282 N.W.2d 34, 38 (1979):

Contractual promises with respect to the use of land, which under the rules of equity are specifically enforceable against the promisor, are effective against the successors in title or possession if the successor has actual or constructive notice of the promise. Under such circumstances, the promise subjects the land to an equitable servitude. (Citations omitted.)

Although a promise is unenforceable as a covenant at law, because of failure to meet one of the requirements, the promise may be enforced as an equitable servitude against the promisor or a subsequent taker who acquired the land with notice of restrictions on it. *Hudson Oil Co., Inc. v. Shortstop,* 111 Cal.App.3d 488, 168 Cal. Rptr. 801 (1980); *Sun Oil Company v. Trent Auto Wash, Inc.,* 379 Mich. 182, 150 N.W.2d 818 (1967); *Traficante v. Pope,* 115 N.H. 356, 341 A.2d 782 (1975). The equitable servitude, however, is not automatic; it depends upon the equities between the promisee and the subsequent taker with notice. The use of equity to enforce covenants restricting the use of property is not absolute and the right may be lost by laches, waiver, or acquiescence. Equitable enforcement may be denied when there has been a change in conditions so radical in nature as to neutralize the benefits of the restrictions and destroy their purpose. Several factors to be considered, but not as limitations, are: the purpose for which the restrictions were imposed, the location of

the restriction violations, the type of violations which have occurred, and the unexpired term of the restrictions. *McColm v. Stegman*, 3 Kan.App.2d 416, 596 P.2d 167 (1979).

We do not believe a declaratory judgment action was the proper vehicle to determine the rights of subsequent grantees of Hyde. They were not parties to this proceeding, since they did not exist. It may be in some future equitable proceeding a court would hold that Liebelts have an equitable servitude on property acquired by Hyde's subsequent grantee. On the other hand, the equities may have changed and the relief will be denied. As the Kansas Court said in *McColm:* "No hard and fast rule can be laid down as to when changed conditions have defeated the purpose of restrictions, and each case must be decided on the equities of the situation presented." 596 P.2d at 170.

The trial court in this case was asked to rule on motions for summary judgment in a declaratory judgment action. We have said motions for summary judgment are not ordinarily suitable in equitable actions. *Wilson v. Great Northern Railway Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968).

Although the trial court could determine the rights of Liebelts and Hyde, it could not rule on the rights of subsequent grantees. SDCL 21–24–7 provides:

> When declaratory relief is sought all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

In conclusion, we reverse that part of the judgment which holds the restriction in question did not constitute an equitable servitude. That issue may be decided when it is ripe for judicial determination.

Of course, that part of the judgment not appealed, which holds the covenants do not run with the land but are binding on Hyde or any assignees of the contract, still stands.

FOSHEIM, C.J., and SABERS, J., concur specially.

MORGAN and HENDERSON, JJ., dissent.

FOSHEIM, Chief Justice, (concurring specially).

While I concur in the majority's opinion, I believe it should be emphasized that this decision is not precedent as to whether the covenant we find in this case runs with the land, since no appeal was taken from that part of the judgment.

SABERS, Justice (specially concurring).

An examination of SDCL Ch. 43–12 dealing with real property covenants and Chapter 43–13 dealing with easements and servitudes convinces me that this case is controlled by:

> SDCL 43–12–2. Classification of covenants running with land. The only covenants which run with the land are:
>
> (1) Those made for the direct benefit of the property or some part of it, then in existence[.]

Therefore, if this covenant against motels, mobile homes and recreational vehicle stores was not made for the direct benefit of existing property, or some part of it, it should be declared unenforceable. In other words, this case should be affirmed, not reversed, *unless* summary judgment was improperly granted.

This covenant contained in this contract for deed does appear, on its face, to be *for the direct benefit of the property* then in existence, but the benefited property was *not* described in the contract for deed itself. In my opinion, the statute does not require the benefited property to be described in the contract for deed, it only requires that it exist. If the benefited property does not exist, then the covenant *was personal* and is unenforceable under South Dakota law.

Accordingly, I would reverse and remand for a factual determination, because the trial court did not have sufficient evidence before it to decide this question. There-

fore, summary judgment was not proper in this equitable action.

The majority opinion leaves *too many* unanswered questions for *too long* a time. By reversing without remanding to resolve this issue, the majority is leaving Hyde, and Liebelts for that matter, in a position of uncertainty regarding the status of the property. Deferring this determination, as suggested by the majority, may cause Hyde to "sell" and his subsequent grantee to "buy," a "lawsuit." The potential buyer, described as an adjacent motel owner, may refuse to purchase without knowing whether the restriction in the contract for deed constitutes a restraint upon the use of the property. Surely this issue represents a "justiciable controversy" between the parties under South Dakota declaratory judgment law. *See:* SDCL 21–24–1. Therefore, they are entitled to a reasonably prompt and final determination of their case.

HENDERSON, Justice (dissenting).

I would affirm and accordingly dissent. There are no facts to be decided. To return this case, for the trial court to grope in law (not in fact) searching for a sound justiciable holding, is delaying our duty. Further, it is manufacturing another appeal to this Court. This case should be decided upon the law. Questions of law are solely within the province of the court. This action was brought under SDCL ch. 21–24, Declaratory Judgment. Per SDCL 21–24–9, if the proceeding involves the determination of an issue of fact "such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending." We held, however, in *Orr v. Kneip,* 287 N.W.2d 480 (S.D.1979), that this section did not alter the well-established rule that questions of law are solely within the province of the court. And that is exactly what is before us at this time: A question of law and not an issue of fact.

1.

Neither motion for summary judgment appears to have raised the equitable issue defendants/appellants are now advocating.

2.

Defendants/appellants made no showing of any facts whatsoever to support their theory that an equitable servitude should attach as a matter of law. Plaintiff/appellee provided an affidavit to the court, requested the court to review the pleadings, and prayed that the court take judicial notice of a court record in Brown County concerning the trust created by the Last Will and Testament of Pauline Klabo, deceased. No depositions, affidavits, or interrogatories were tendered or filed in resistance to plaintiff's/appellee's showing.

SDCL 15–6–56(e) requires that the party opposing a motion for summary judgment be diligent in resisting the motion. "[M]ere general allegations and denials which do not set forth specific facts will not prevent the issuance of a judgment." *Hughes-Johnson Co. v. Dakota Midland Hospital,* 86 S.D. 361, 195 N.W.2d 519, 521 (1972).

*Lee v. Beauchene,* 337 N.W.2d 827, 829 (S.D.1983). *See also, Peterson v. Rogers,* 347 N.W.2d 580, 581 (S.D.1984). Thus, the equitable cupboard is bare. Bare in pleading and bare in showing.

3.

Defendants/appellants did not assert the equitable servitude affirmative defense by pleading it with identifiable specificity; rather, they alleged the complaint of plaintiff's/appellee's was "barred by the defenses of estoppel, laches, and waiver." Not having raised the equitable servitude defense below, not having preserved their record on factual issues, defendants/appellants cannot raise it on appeal. *Weaver v. Boortz,* 301 N.W.2d 673 (S.D.1981).

4.

Free and untrammeled use of land is favored by the law and restrictive covenants are to be strictly construed. *Accord: Luedke v. Carlson,* 73 S.D. 240, 41 N.W.2d 552 (1950). *Cf., Piechowski v. Case,* 255

N.W.2d 72 (S.D.1977). Strict construction of restrictive covenants is also favored by the law. *See Costley v. Caromin House, Inc.,* 313 N.W.2d 21 (Minn.1981).[1]

5.

Restrictive covenants in a contract for deed which specify "shall constitute covenants *running with the land,*" runs afoul, in this factual scenario, of legislative intent. The trial court's determination was correct. For support, I draw upon two state statutes: SDCL 43–12–1 and SDCL 43–12–2.

SDCL 43–12–1. *Covenants running with land defined.* Certain covenants contained in grants of estates in real property are appurtenant to such estates and pass with them so as to bind the assigns of the covenantor, and to vest in the assigns of the covenantee, in the same manner as if they had personally entered into them. Such covenants are said to run with the land.

SDCL 43–12–2. *Classification of covenants running with land.* The only covenants which run with the land are:

(1) Those made for the direct benefit of the property or some part of it, then in existence;[2]

(2) Covenants of warranty for quiet enjoyment or for further assurance, on the part of the grantor;

(3) Covenants for the payment of rent or of taxes or assessments upon the land, on the part of a grantee; and

(4) All covenants incidental to any of the foregoing covenants.

Real property has devolved upon it—inherent rights, if you will, which buyers and sellers cannot vitiate.

The restrictive covenants herein were personal in nature as they were made for the personal benefit of defendants/appellants. This is prohibited. *See* 20 Am. Jur.2d *Covenants, Conditions, Etc.* § 35 (1965). A covenant which imposes a burden on real property for the benefit of the grantor personally does not follow the land unto the possession of an assignee, for such a covenant is personal to the grantor and does not run with the land even though the deed or the document may expressly state that the covenant runs with the property. *Id.*

In this case, the trial court held that the restrictions of the contract did not benefit the subject property or any adjacent property. Thus, the trial court held that the restrictions did not qualify as "covenants running with the land" pursuant to SDCL 43–12–2(1). Furthermore, the trial court held that an equitable servitude could not exist without an agreement between the parties that the restrictions were part of a general plan whereby several parcels of land were subject to, and benefited by, the same restrictions. This—the trial court ostensibly held, even though the precise issue was not presented by defendants/appellants. Lest there be any misunderstanding as to the trial court's holding in granting the summary motion, as a matter of law, for plaintiff/appellee, the trial court held:

1. The restrictions of the contract for deed were personal promises of the buyer and thus bound plaintiff/appellee.

2. That should plaintiff/appellee ever assign the contract for deed, the assignee would be bound to the restrictions in the same manner as the plaintiff/appellee.

3. If the plaintiff/appellee completed his performance of the contract for deed and then conveyed the subject premises, the subsequent purchaser was not bound by the restriction.

Defendants/appellants agreed with this holding with respect to the premise that the restriction constituted a personal promise binding plaintiff/appellee and any indi-

---

1. This is not to say that this state does not recognize restrictive covenants. *See Vaughn v. Eggleston,* 334 N.W.2d 870 (S.D.1983). However, in the context of that case, we were not discussing equitable servitudes and the covenants did not run afoul of SDCL 43–12–2. The restrictive covenants in *Vaughn* were not personal in nature, such as here, and did directly benefit the property.

2. This is the pertinent subsection to the legal inquiry before us.

vidual to whom plaintiff/appellee could conceivably assign the contract for deed. It is the third determination, as set forth above, to which defendants/appellants take academic exception.

### 6.

Defendants'/appellants' case hinges on this proposition: A court of equity should place an equitable servitude against the property which would restrict the use of the subject property by a "subsequent grantee with notice." Crucial, however, to our decision is the fact that the record reveals that there is no "subsequent grantee with notice." Where is the subsequent grantee here? He, she, it does not exist; it is a phantom.

### 7.

This brings me to the last point of my dissent, namely, the majority opinion's dissertation on the propriety of declaratory relief when applied to the facts at hand. There are no persons, as we review SDCL 21–24–7, who must be parties who have claimed any interest affected by the declaration of the trial court; nor, for that matter, who actually have any interest which would be affected by the trial court's declaration. Therefore, no declaration was entered by the trial court which has prejudiced the rights of persons who are not party to this proceeding. This Court is not supposed to render opinions which are theoretical in nature. We are supposed to review justiciable issues involving real parties. There is not now a subsequent grantee of any interest in the property; defendants/sellers reflected in their answer that "[plaintiff/appellee] has not tendered the balance of the purchase price for said premises and is not entitled to fee ownership thereof at this time." Are we not, therefore, in a factually vacuous state? The trial court properly ruled, as a matter of law, under the statutes of this state, as I have set forth in detail above, and I would sustain the ruling. Summary judgment was entered, based upon an issue of law, not an issue of fact, and this Court should not permit a trial court below to wax into law on theoretical questions. *Kneip v.*

*Herseth,* 87 S.D. 642, 214 N.W.2d 93 (1974); *State of North Dakota v. Perkins County,* 69 S.D. 270, 9 N.W.2d 500 (1943); *Security State Bank v. Breen,* 65 S.D. 640, 277 N.W. 497 (1938).

I am hereby authorized to state that Justice MORGAN joins in this dissent.