Chris D. **KARRAS**, Plaintiff
and Appellee,

v.

**A.G. EDWARDS & SONS, INC.,**
**Defendant and Appellant.**

No. 15052.

Supreme Court of South Dakota.

Argued May 20, 1986.

Decided Oct. 22, 1986.

Rehearing Denied Nov. 21, 1986.

Timothy J. Nimick of Woods, Fuller, Shultz, & Smith, P.C., Sioux Falls, for plaintiff and appellee.

Patrick J. Kane Sioux Falls, for defendant and appellant.

TSCHETTER, Circuit Judge.

This is an appeal from a jury verdict granting punitive damages. We reverse and remand.

Plaintiff Chris D. Karras (Karras) wished to purchase certain stocks. Defendant brokerage firm A.G. Edwards & Sons, Inc. (Edwards) solicited Karras' business and offered to act as purchasing agent for him. Ultimately, Karras and Edwards entered into a written stock brokerage agreement.

Edwards, through broker Oines, purchased certain stocks at less than $5.00 per share for Karras in December 1982. Prior to the purchase Karras asked Oines whether the particular stocks involved could be bought "on margin." *  After Oines consulted a Standard and Poors stock refer-ence work he informed Karras that the stock was marginable.

Approximately two weeks after the stock was purchased, Oines was made aware of Edwards' "house rule" prohibiting "margining" on stocks selling under $5.00 per share. In December 1982, Edwards notified Karras of this policy and billed him for the amount being carried on margin. Karras conferred several times with Edwards' representatives about the problem of the difference between the cash price and the amount on deposit to the credit of Karras. On February 7, 1983, Edwards liquidated 7,300 shares of Karras' stock in order to bring Karras' account to a cash position.

Shortly after this liquidation, Karras commenced this lawsuit requesting compensatory and punitive damages. The court bifurcated the lawsuit and reserved the issue of punitive damages. Because of the parties' contract, all other issues were referred to binding arbitration conducted by the American Arbitration Association.

The arbitrator awarded Karras actual damages of $1,020.56. The amount of the arbitrator's award was equal to (1) interest of $193.71, (2) commission of $501.85, and (3) value decline of $325.00.

In his complaint and amended complaint, Karras alleged "conversion" of a portion of his stock by Edwards. The arbitration award stated:

> RESPONDENT, A.G. Edwards, Inc., shall pay to CLAIMANT, Chris D. Karras, the sum of ONE THOUSAND TWENTY DOLLARS AND FIFTY SIX CENTS ($1,020.56), plus legal interest from February 14, 1983, and CLAIMANT shall remain entitled to the 6600 shares of Peninsula Resources Corporation presently in CLAIMANT'S Type I account with the RESPONDENT. Upon any reasonable demand by CLAIMANT to RESPONDENT for said 6600 shares, RESPONDENT shall deliver them to CLAIMANT.

---

* "Margin purchase" required Karras to pay one-half of the purchase price at the time of purchase with Edwards to "carry" the balance of the purchase price. Karras was to pay Edwards interest on the balance carried.

The administrative fees of the American Arbitration Association and the expenses of the arbitrator shall be borne by the RESPONDENT and paid as directed by the AAA.

This award is in full settlement of all claims submitted to this arbitration.

The arbitration award made no mention of "conversion."

The trial court theorized that the finding of the arbitrator was tantamount to a determination by the arbitrator that Edwards had converted a portion of Karras' shares of stock. The court consistently proceeded on this theory throughout the trial and when instructing the jury on the issue of punitive damages. During the trial, in settling instructions and in the final argument to the jury, Edwards, however, consistently maintained the position that the award of the arbitrator was not necessarily based on conversion.

■ The South Dakota case of *Western Casualty & Surety Co. v. Gridley*, 362 N.W.2d 100 (S.D.1985), firmly establishes the precedent that the doctrine of res judicata is applicable to the final award of an arbitrator. *Western Casualty* was premised on *Dehnart v. Waukesha Brewing Co.*, 21 Wis.2d 583, 124 N.W.2d 664 (1963). In each of these cases, the South Dakota and Wisconsin courts held, in effect, that an arbitrator's decision is res judicata on matters *passed on* and *resolved*.

The issue on this appeal is therefore: "Did the arbitrator's award necessarily and properly include a finding of conversion by Edwards?"

■ The relevant portion of the arbitrator's award, *supra*, does not include an express finding on the issue of conversion. In reading the award of arbitrator, is it implied that the arbitrator "necessarily and properly" considered and based his decision on the theory of conversion? We think not. Rather, it is the opinion of the court that the decision of the arbitrator was equally, if not more, compatible with Edwards' theory that the parties had entered into a new contract on or about February 6, 1983.

The arbitrator was furnished with a copy of Karras' complaint and its amendment which alleged a *breach of agreement* by Edwards in selling 7,300 shares of stock; a breach of fiduciary obligation by Edwards; conversion; and that the acts of Edwards were malicious and intentional.

Edwards' witness, Oines, testified that on or about February 6, 1983, Edwards agreed to hold Karras harmless for decline in value of 2,600 shares of stock at $325.00, to pay $193.71 interest to Karras, and to repay Oines' commission of $501.85. The testimony was not contradicted. The sum of these agreed-upon items of damages equalled the arbitrator's award of $1,020.56. In view of this state of facts, it appears that the award of the arbitrator was based on the contractual agreement of February 6, 1983. The trial court specifically found conversion by Edwards. This finding permeated the rulings of the trial court and the instructions to the jury. We find that the trial court erred by preempting jury consideration of the issue of conversion and therefore reverse and remand for further proceedings consistent with this opinion.

Because notice of review was not filed with this court we are unable to reach issues raised in Karras' brief. *See* SDCL 15–26A–22; *Application of Northwestern Bell Telephone Co.*, 326 N.W.2d 100 (S.D. 1982).

Reversed and remanded.

All the Justices concur.

TSCHETTER, Circuit Judge, for FOSHEIM, J., disqualified.