ACME MARKETS, INC., Philadelphia, Pennsylvania,

v.

RETAIL CLERKS INTERNATIONAL UNION, LOCAL 1357, Philadelphia, Pennsylvania.

Civ. A. No. 36289.

United States District Court
E. D. Pennsylvania.

Dec. 1, 1964.

Joseph L. McGlynn, Jr., Philadelphia, Pa., for plaintiff.

John E. Walsh, Jr., Philadelphia, Pa., David Seliger, Camden, N. J., for defendant.

WOOD, District Judge.

The plaintiff Employer has filed a motion for summary judgment in this declaratory judgment action brought under the provisions of § 301(a) of the Labor Management Relations Act, 29 U.S.C.A. § 185(a). The question presented for our decision is whether the wage rate classification of a non-food employee, Paula Tamborina, is subject to arbitration under the existing collective bargaining agreement between the parties. The Employer argues that the clear language of the Contract compels the conclusion that the dispute is not arbitrable. Relying on the same Contract language, the Union maintains that the dispute is arbitrable because it concerns the wrongful application of the non-food attendant job classification in Schedule B–1 of the Agreement.[1]

In its Complaint, the Employer avers that Miss Tamborina has always worked as a non-food attendant[2] and that she has been paid the prescribed non-food rate as set forth in the Agreement. Also, the Employer asserts that Miss Tamborina has never been given any work assignment performed by employees in other job classification categories as set forth in Schedule B–1 of the Agreement.

All of these allegations are admitted by the Union in its Answer. The Union, however, makes a general statement under "Separate Defenses" that the issue raised by its *demand* for arbitration is arbitrable under the Agreement. Also, the Union contends that the Employer waived its right to relief by previously participating in the selection of an arbitrator in May, 1964.[3]

This controversy had its inception on May 10, 1963, when the Union notified the Employer by mail of its dissatisfaction regarding Miss Tamborina's classification (see Document No. 7). In this letter, the Union stated as follows:

"The intent[4] of this classification was that the department should be set up under another roof, which is not so in this case."

No reply was received by the Union and it forwarded another letter reasserting its claim on November 19, 1963 (see Document No. 8). Thereafter, the Employer replied by mail dated December 21, 1963, that Miss Tamborina was properly classified (see Document No. 9). The Union then demanded arbitration of the dispute on December 27, 1963 (see Document No. 10).

---

1. Neither party is bound by the other's phraseology of the dispute. However, the dispute must fall within the category of arbitrable grievances. Procter & Gamble Ind. Union of Port Ivory, N. Y. v. Procter & Gamble Mfg. Co., 195 F. Supp. 64 (E.D.N.Y.1961), aff'd, 298 F.2d 647 (2 Cir. 1962).

   "Substantive rights and duties in the field of labor-management do not depend on verbal ritual reminiscent of medieval real property law." National Labor Relations Board v. Rockaway News Supply Co., Inc., 345 U.S. 71, 75, 73 S.Ct. 519, 522, 97 L.Ed. 832 (1953).

2. The particular duties of this classification and every other job covered by Schedule B–1 are not set forth in the Agreement.

3. This defense of waiver is without merit, and it is accordingly dismissed. District 50 United Mine Workers of America v. Pittston Company, 210 F.Supp. 781, 786 (N.D.W.Va.1962).

4. This "intent" is not spelled out in the Agreement, but this does not preclude arbitration.

   " 'There are too many people, too many problems, too many unforeseeable contingencies to make the words of the contract the exclusive source of rights and duties. One cannot reduce all the rules governing a community like an industrial plant to fifteen or even fifty pages.' " United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 579, 80 S.Ct. 1347, 1351, 4 L.Ed.2d 1409 (1960).

The Employer, after filing its Complaint on July 30, 1964, moved for a preliminary injunction on October 7, 1964, to stay arbitration proceedings planned for October 15, 1964, pending disposition of this motion for summary judgment. After a hearing held on October 12, 1964, we issued a temporary restraining order staying the arbitration. We then granted the parties an advanced hearing date on the instant motion.

The judicial function in cases of this nature is to determine "whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator." United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 568, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960). *All doubtful cases must be resolved in favor of arbitration.* United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

The Agreement at Article X provides for arbitration of grievances, complaints or disputes arising out of the *interpretation* or *application* of any provision of the Agreement when the parties are unable to adjust such grievances, complaints or disputes. Under Article XXI, the *"No Strikes, No Lockouts"* clause, paragraph 2 states:

> "2. *Any differences or misunderstandings which may arise* between the contracting parties shall be amicably adjusted by and between the parties themselves, and if the parties themselves cannot amicably adjust the same, then the matter shall be referred to a Board of Arbitration as provided in Article X hereof. (Emphasis supplied)

While Article X limits the subjects of arbitration to disputes arising out of the *interpretation* or *application* of the Agreement, Article XXI considerably broadens the scope of arbitration to encompass *any differences or misunder-*

*standings* which cannot be amicably adjusted between the parties.

The Union claims that the Employer has improperly applied the non-food attendant classification in the Agreement. The Employer contends that it has not violated *any* clause of the Agreement. Whatever else may be said regarding the nature of this controversy there assuredly exists a "difference or misunderstanding" between the parties. Unless we are to ignore the plain language of Article XXI this misunderstanding certainly is subject to arbitration. If Article XXI was merely intended to restate the conditions imposed by Article X then the same language should have been used. The conclusion is inescapable that the contracting parties wanted to insure a harmonious labor-management relationship throughout the term of this Agreement, hence the broad latitude of Article XXI to cover any possible differences between the contracting parties. Where a contract contains an arbitration clause of such sweeping magnitude, only the most forceful evidence of a purpose to exclude a claim from arbitration can prevail. United Steelworkers of America v. Warrior & Gulf Navigation Co., supra, p. 585, 80 S.Ct. 1347. Such evidence is not present in this case.

While a Court may consider a particular claim to be frivolous we have no business considering the equities or weighing the merits of the grievance involved. United Steelworkers of America v. American Manufacturing Co., supra, p. 568, 80 S.Ct. 1343.

Resolution of this difference or misunderstanding will require the examination of the bargaining history of the contracting parties concerning their negotiations and oral understandings not set forth in the contract. This task can only be performed by the arbitrators and not the Court. Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 283 F.2d 93 (3 Cir. 1960). But see, Communications Workers v. Pacific Northwest Bell Telephone Co., 337 F.2d 455 (9 Cir. 1964).

Therefore, we find this difference or misunderstanding to be an arbitrable dispute.

## ORDER

And now, this 1st day of December, 1964, it is ordered that the instant dispute is subject to arbitration under the collective bargaining agreement. The plaintiff's motion for summary judgment is denied and the plaintiff's motion to stay arbitration is denied.