■  In the Matter of Louis J. Lefkowitz, as Attorney-General of the State of New York, Petitioner, v Arnold G. Fraiman et al., Respondents.—Petition unanimously granted, without costs and without disbursements. Attention is directed to the order of this court entered February 5, 1975 *(People v Greene,* 47 AD2d 607), which remitted the case to the Criminal Term, Supreme Court, New York County, "which shall direct defendant to surrender himself in order that execution of the judgment shall be commenced or resumed". To date the directive has not been carried out nor the judgment been changed or vacated (CPL, subd 460.50, subd 5). Settle order on notice. Concur—Stevens, P. J., Kupferman, Murphy, Capozzoli and Nunez, JJ.

■  In the Matter of Vincent Catalfo, an Attorney.—Respondent reinstated as an attorney and counselor at law of the State of New York. Concur —Stevens, P. J., Markewich, Kupferman, Capozzoli and Nunez, JJ.

## Second Department, July, 1975

## (July 7, 1975)

■  George Aigen et al., Appellants, v Albert S. Giannone, Respondent.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, petitioners appeal from an order of Supreme Court, Nassau County, dated January 10, 1975, which denied the application and granted respondent's cross motion to vacate and modify the award to the extent of remanding the matter to the American Arbitration Association for rehearing and determination *de novo.* Order reversed, without costs, and matter remanded to the original arbitrators for clarification of their award. We hold that the arbitrators' award was not clear and definite. However, any uncertainty about the purport of the award should be submitted to the arbitrators for clarification and not to the courts (cf. *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer.,* 37 NY2d 91; *Matter of Labor Relations Section of Northern N.Y. Bldrs. Exch. v Gordon,* 41 AD2d 25, 28–29). Further, since respondent apparently did not object to the arbitrators' consideration of an item termed "closing moneys", respondent has waived any objection that the item was not within the original arbitration agreement and therefore could not be arbitrated. That which the parties agree to submit may be arbitrated even if the items thus submitted were not within the original arbitration agreement (see *Matter of United Buying Serv. Int. Corp. v United Buying Serv. of Northeastern N.Y.,* 38 AD2d 75, affd. 30 NY2d 822). Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.