FLINT SCHOOL DISTRICT v SERVICE EMPLOYEES
INTERNATIONAL UNION, AFL-CIO

Docket No. 95673. Submitted January 28, 1988, at Lansing. Decided
April 19, 1988. Leave to appeal applied for.

The Flint School District and the Service Employees Interna-
tional Union entered into a collective bargaining agreement
providing for binding arbitration of certain grievances. After
the district contracted out the replacement of three roofs, the
union filed a grievance which proceeded to arbitration without
objection by the school district. The arbitrator found for the
union and against the school district. The school district
brought an action in the Genesee Circuit Court to overturn the
arbitration award, arguing that the grievance was not arbitra-
ble and that the arbitrator exceeded the scope of his authority.
The court, Thomas C. Yeotis, J., granted summary disposition
for plaintiff on both grounds. Defendant appealed.

The Court of Appeals *held:*

1. Plaintiff waived the issue of arbitrability by voluntarily
participating in arbitration without objection. The court erred
in granting summary disposition on that ground.

2. The arbitrator did exceed the scope of his authority. The
court correctly considered the issue and correctly granted
summary disposition on that ground.

Affirmed.

1. ARBITRATION — APPEAL — WAIVER.

A party who voluntarily participates in an arbitration proceeding
without raising the issue of arbitrability waives the issue for
appeal.

2. ARBITRATION — APPEAL — SCOPE OF AUTHORITY.

An arbitrator exceeds the scope of his authority where the
arbitral award reaches beyond the boundaries of the submis-
sion.

REFERENCES

Am Jur 2d, Arbitration and Award §§ 24 *et seq.*, 48.
Defendant's participation in action as waiver of right to arbitration
of dispute involved therein. 98 ALR3d 767.

*C. Rees Dean,* for plaintiff.

*Howard R. Grossman* and *Donald H. Robertson,* for defendant.

Before: DANHOF, C.J., and MACKENZIE and P. R. JOSLYN,* JJ.

PER CURIAM. Defendant appeals as of right from an order of the circuit court granting summary disposition to plaintiff and vacating an arbitration award. The arbitration award sustained defendant's grievance that plaintiff had violated a collective bargaining agreement by contracting out normal bargaining unit work. The circuit court vacated the award on the basis that the dispute was not arbitrable and that the arbitrator had exceeded the scope of his authority. We affirm the order of the circuit court on the basis that the arbitrator exceeded the scope of his authority.

Plaintiff (the school district) and defendant (the union) entered into collective bargaining agreements covering the periods July 1, 1982, to June 30, 1984, and July 1, 1984, to June 30, 1987. The agreements contained grievance procedures and provided for binding arbitration. The provisions in both contracts that are at issue in the present case are identical. The agreements will be referred to collectively as the collective bargaining agreement. The school district and the union also entered into a letter of agreement that was designated Appendix G and was attached to the collective bargaining agreement. Appendix G set forth the circumstances under which the school district could contract out normal bargaining unit work.

In 1984 and 1985, the school district employed ten persons who were classified as roofers. The job

---

* Circuit judge, sitting on the Court of Appeals by assignment.

description of roofers was not contained in the collective bargaining agreement. However, the school district's job description of roofers included the repair of various types of roofs as one of their duties.

The school district determined that many of its buildings needed to have their existing roofs removed and replaced with new roofs. In June and July, 1984, the school district awarded contracts to private roofing contractors to remove and replace the roofs on nine of its school buildings.

The union filed a grievance alleging that the school district had violated the collective bargaining agreement by contracting out normal bargaining unit work. The relief sought by the union was payment of overtime that the bargaining unit employees would have received had the work not been contracted out. The school district asserted that the work was not normal bargaining unit work and that, even if it was, it fell under several of the circumstances in which normal bargaining unit work could be contracted out in accordance with Appendix G of the collective bargaining agreement.

The union narrowed its objection to the contracting out of the roofing work on three of the nine school buildings. The union conceded that the bargaining unit employees could not have completed all three jobs within the time requirements. However, the union contended that bargaining unit employees could have done either the largest project or the two smaller projects.

The grievance proceeded to arbitration. The school district voluntarily participated in arbitration and maintained its position that the work was not normal bargaining unit work and, even if it was, the circumstances in Appendix G applied. The arbitrator found that the work was normal bar-

gaining unit work. The arbitrator reasoned that, although the roofers' job description included the repair of roofs, replacement of a roof was only a matter of degree. In addition, the arbitrator considered whether any of the circumstances in Appendix G applied and determined that they did not. The arbitrator awarded the union damages by using a formula that was based on the difference between the number of hours worked by the outside contractors and the number of hours worked by the bargaining unit employees during the same period.

The school district filed suit in circuit court to vacate the arbitration award. The school district argued that the grievance was not arbitrable and that the arbitrator had exceeded the scope of his authority by deciding matters not subject to arbitration. The union filed a counterclaim seeking enforcement of the arbitration award. Both sides filed motions for summary disposition.

The circuit court granted the school district's motion for summary disposition on the grounds that the grievance was not arbitrable and the arbitrator had exceeded the scope of his authority. The circuit court ruled that it was beyond the arbitrator's authority to decide that this was normal bargaining unit work and that the arbitrator added to the job description of the employees. In addition, the circuit court ruled that the arbitrator was without authority to decide that the work was a reasonable opportunity for overtime for the employees. On appeal, the union argues that the trial court erroneously ruled that the dispute was not arbitrable because the school district waived the issue of arbitrability and that the circuit court erroneously ruled that the arbitrator exceeded the scope of his authority.

First, the union argues that the circuit court

erred in ruling that the parties' dispute was not arbitrable because the school district waived that issue. We agree that, by voluntarily participating in arbitration, the school district waived the issue of the arbitrability of the claim. In *American Motorists Ins Co v Llanes,* 396 Mich 113; 240 NW2d 203 (1976), the plaintiff voluntarily participated in arbitration without raising the issue of whether the claim was arbitrable. Our Supreme Court held that plaintiff could not challenge the unfavorable award in court by complaining for the first time that the issue was excluded from arbitration.

In *Arrow Overall Supply Co v Peloquin Enterprises,* 414 Mich 95; 323 NW2d 1 (1982), defendant did not participate in the arbitration proceedings. Plaintiff filed a circuit court action to confirm the award and defendant argued that there was no valid agreement to arbitrate because the agreement to arbitrate was signed by an employee without authorization. Our Supreme Court held that defendant had not waived the issue of the arbitrability of the claim. The Court distinguished *Llanes* on the basis that "*Llanes* stands for the proposition that a party may not participate in an arbitration and adopt a 'wait and see' posture, complaining for the first time only if the ruling on the issue submitted is unfavorable." *Arrow Overall Supply Co, supra,* pp 99-100.

In the present case, the school district voluntarily participated in the arbitration proceedings without raising the issue of whether this grievance was, on its face, intended by the parties to be submitted to arbitration. Therefore, the circuit court should not have considered the issue of whether this was a grievance that was arbitrable.

Even though the school district waived the issue of arbitrability, it did not waive the issue of

whether the arbitrator exceeded the scope of his authority. In *Port Huron Area School Dist v Port Huron Ed Ass'n,* 426 Mich 143; 393 NW2d 811 (1986), our Supreme Court explained that the issue of arbitrability involves looking at a claim on its face to determine whether the parties agreed to submit this type of claim to arbitration. However, even if a claim is arbitrable on its face, the arbitrator may exceed the scope of his authority if the "arbitral award reaches beyond the boundaries of the 'submission.'" *Port Huron Area School Dist, supra,* pp 161-162. Therefore, even though the school district waived the issue of arbitrability, the circuit court properly considered the issue of whether the arbitrator exceeded the scope of his authority.

In *Port Huron Area School Dist,* the Court determined that the award was unenforceable because the arbitrator had exceeded his jurisdiction and authority under the collective bargaining agreement. The arbitrator found that a section of the agreement's preamble had been violated. However, the Court noted that the agreement expressly provided that grievances concerning the preamble were not subject to arbitration. The arbitrator also found that a management policy decision was not reasonable or necessary. However, the agreement specifically provided that the arbitrator had no power to substitute his judgment for that of the school district as to the reasonableness of any practice, policy, rule or any action taken by the school district. The Court noted that ordinarily an arbitrator may consider the interpretation of contractual provisions, the intent expressed in a preamble and even the reasonableness of policy decisions reserved to the employer. However, those matters were outside the jurisdiction and authority of the arbitrator in *Port Huron*

*Area School Dist* because the agreement expressly and specifically provided that those matters were not subject to arbitration.

In the present case, the arbitrator found that (1) the roofing project was normal bargaining unit work within the meaning of Appendix G of the collective bargaining agreement and (2) the roofing project fell within none of the categories listed in Appendix G that would allow the work to be contracted out. The circuit court held that the arbitrator exceeded the scope of his authority under the contract in the following ways:

> 1. The arbitrator made a determination that the work contracted by the plaintiff as not being normal bargaining unit work, was normal bargaining unit work.
> 2. The arbitrator added to the job description of the employees.
> 3. The arbitrator decided that the contracted work was a reasonable opportunity for overtime for the employees.

We will not review whether this was in fact normal bargaining unit work within the roofers' job description for which overtime could be paid. Rather, our review is limited to whether the arbitrator had the authority to decide those issues in the manner that he did. In accordance with *Port Huron Area School Dist,* we will examine the terms of the contract to determine whether the arbitrator extended his authority "beyond the boundaries of the submission."

The scope of the arbitrator's authority is expressly provided for in ¶ (8k) of the collective bargaining agreement. Paragraph (8k) provides in part as follows:

> The jurisdiction of the arbitrator shall be lim-

ited to grievance arising out of the interpretation or application of this Agreement or any written amendments hereof or supplements hereto. The arbitrator shall have no power to alter, add to, subtract from or modify any of the terms of this Agreement or any written amendments hereof or supplements hereto or to specify the terms of a new agreement or to substitute his discretion for that of the parties hereto or to assume any of their functions or responsibilities.

Appendix G of the collective bargaining agreement provides:

[It] is hereby agreed that the new contracting of normal bargaining unit work [sh]all be permitted when any one of the following circumstances exists:

a) Emergencies;

b) When necessary equipment is not in the possession of the Board and not reasonably obtainable;

c) Projects beyond the ability of the bargaining unit, such determination to be made in the reasonable discretion of the Board;

d) New construction;

e) Unavailability of qualified and certified employees as determined by the present contract classifications;

f) Inability to meet Board-determined timelines and quality specifications, said specifications and timelines to be the same as for contractors;

g) Projects of limited duration which require a number of additional employees; and

h) Other considerations involving extenuating circumstances.

It is agreed that the Employer shall continue to determine when there are reasonable opportunities for overtime work and such overtime work opportunities shall be provided to bargaining unit employees.

It is further agreed that this Appendix is not intended to permit the subcontracting of work, the result of which would have a direct effect on employees through the layoff of then existing bargaining unit members at the time of such subcontracting.

It is further agreed that the language of this Appendix is subject to review through the language of Paragraph (8).

This Appendix is not controlling for subcontracting begun prior to September 1, 1976 and constitutes the entire understanding of the parties in regard to the matter of subcontracting and is not to be regarded as impairing the right of the Board to subcontract, except to the extent otherwise stipulated in this Appendix.

The collective bargaining agreement does not define "normal bargaining unit work" and it does not contain a job description of roofers. However, Appendix G provides that its language is subject to review through the language in article 8. The applicable section of article 8, ¶ (8k), provides that the arbitrator has jurisdiction over grievances arising out of the interpretation or application of the agreement. On its face, the meaning of "normal bargaining unit work" appears to be an issue that the parties agreed to submit to arbitration because it requires interpretation or application of the agreement. However, this is clearly a case where the arbitration award "reaches beyond the boundaries of the submission." Paragraph (8k) expressly provides that the arbitrator has no power to alter, add to, subtract from or modify any of the terms of the agreement. Even if it is assumed that the roofers' job description was subject to interpretation, the arbitrator had no authority to add to the description by determining that replacement of

roofs was included in the roofers' job description. Therefore, the circuit court was correct in ruling that the arbitrator exceeded the scope of his authority in the present case by deciding that roof replacement was normal bargaining unit work.

In addition, subsection (c) of Appendix G provides that even normal bargaining unit work may be contracted out if, in the discretion of the school board, the work is beyond the ability of the bargaining unit. The arbitrator found that the work was not beyond the ability of the bargaining unit because the bargaining unit was supervised by a graduate civil engineer and the roof manufacturer could keep a representative on the job site. We think that this determination was also beyond the scope of the arbitrator's authority. The parties contracted in subsection (c) of Appendix G that the school board would have discretion to determine what was beyond the ability of the bargaining unit. The parties also agreed in ¶ (8k) that matters left to either party's discretion were not arbitrable. The school district has contended since the beginning of this dispute that the work was beyond the ability of the bargaining unit. We cannot ignore the express language of the collective bargaining agreement that leaves this determination to the discretion of the school board and beyond the reach of arbitration.

Although the circuit court was correct in ruling that the arbitration award must be vacated, we do not agree with its third finding of error. The circuit court ruled that the arbitrator exceeded the scope of his authority by deciding that the contracted work was a reasonable opportunity for overtime for the union employees. Appendix G expressly provides that the school district shall continue to determine when there are reasonable opportunities for overtime work. In the present

case, the school district had already determined that there was a reasonable opportunity for overtime work. Having determined that overtime work was necessary and having contracted that overtime work out to private roofing companies, the school district arguably violated the provision that overtime work *shall be* provided to bargaining unit employees. Thus, had the arbitrator stayed within the limits of his authority in determining that this was normal bargaining unit work and that none of the circumstances in Appendix G applied, then it would have been within the arbitrator's authority to use the amount of overtime work that was already performed as a measure of damages. The school district had already exercised its discretion in determining that overtime work was available and the arbitrator was merely enforcing the provision that the work should have been given to bargaining unit employees. Therefore, we believe that the circuit court erred on the issue of overtime work, but correctly concluded that the arbitrator had exceeded the scope of his authority on other grounds.[1]

The order of the circuit court vacating the arbitration award is affirmed. No costs, neither party having prevailed in full.

---

[1] We also note that the arbitrator awarded damages based on the overtime work performed for all three projects. However, the union conceded that the bargaining unit employees could not have completed all three jobs within the time requirements. The union asserted that the employees could have completed either the largest project or the two smaller projects. The circuit court did not address this issue. However, when the arbitrator dictates a remedy which is beyond that which both parties agree is reasonable and proper, the arbitrator has exceeded his authority. *Northern Michigan Ed Ass'n v Cheboygan Bd of Ed,* 126 Mich App 781, 787-788; 337 NW2d 923 (1983). Therefore, the arbitrator exceeded his authority in awarding damages beyond what the union had agreed was reasonable.