**AZCON CONSTRUCTION COMPANY, INC., Plaintiff and Appellee,**

v.

**GOLDEN HILLS RESORT, INC., f/k/a Golden Hills Inn, Inc., Defendant and Appellant.**

No. 18057.

Supreme Court of South Dakota.

Argued Feb. 8, 1993.

Decided April 7, 1993.

Edward C. Carpenter, Costello, Porter, Hill Heisterkamp & Bushnell, Rapid City, for plaintiff and appellee.

Ronald W. Banks, Banks, Johnson & Colbath, Rapid City, for defendant and appellant.

WUEST, Justice.

This is an appeal arising from a circuit court's affirmation of an arbitration panel's award. The trial court ruled that Golden Hills waived its objection to arbitration by participation therein, affirmed the arbitration panel's award and denied a motion to vacate the award. We hold that participation by Golden Hills was not a waiver and reverse the trial court on that issue. However, we affirm the trial court on all other issues.

## FACTS

On July 20, 1988, Golden Hills Resort, Inc. (Golden Hills) and Azcon Construction Co., Inc. (Azcon) entered into a single, written contract for the design and construction of a hotel-convention center and a connected recreation center to be built in Lead, South Dakota. The contract did not separate costs for the two facilities.

Eleven months later, the City of Lead contracted with Golden Hills to serve as general contractor for the building of a recreation center for the Northern Hills Young Mens Christian Center (YMCA). The YMCA center was the same recreation facility Azcon was in the process of erecting under its contract with Golden Hills.

During the course of construction, disputes arose between Azcon and Golden Hills. On June 23, 1989, they entered into a settlement agreement in which Azcon released claims for extra work, owner delay, weather delay and other claims accrued as of the date of the agreement. The parties agreed not to sue one another or seek arbitration proceedings against one another for the claims settled in the agreement.

On November 9, 1990, Azcon filed a demand for arbitration seeking damages for breach of contract by Golden Hills. The same day Golden Hills objected to jurisdiction claiming the settlement agreement acted as a complete bar to arbitration. In a subsequent brief, Golden Hills took the position that only the claims and issues addressed in the settlement agreement were foreclosed from arbitration.

The arbitration panel responded to Golden Hills' objection to jurisdiction by ruling claims included in the settlement agreement would not be arbitrated. It deferred ruling on which claims were arbitrable until the hearing and concluded it would entertain Golden Hills' motion to dismiss after it ruled on arbitrability.

On May 24, 1991, the City of Lead filed suit in circuit court against Azcon and Golden Hills as co-Defendants for alleged breach of contract and construction deficiencies in the YMCA recreation center. Golden Hills filed a cross-claim against Azcon seeking indemnity and contribution against any amount eventually awarded to the City in that action.

Golden Hills then filed an amended answer in the arbitration proceeding objecting to the panel's jurisdiction of any claims dealing with the recreation center. Its amended answer also asserted a counterclaim against Azcon for damages relating to the convention center.

Both parties participated in selecting the three-man panel for arbitration which started on January 6, 1992 and concluded on January 24, 1992. Both presented evidence, called witnesses and had an opportunity for cross-examination.

The arbitrators determined they had jurisdiction over the claims: 1) by Azcon that Golden Hills failed to pay the amount due under the contract; 2) by Golden Hills that it was damaged by Azcon's conduct; and 3) by Golden Hills that Azcon built the hotel-convention center in a faulty manner. The panel acknowledged the circuit court had jurisdiction over: 1) claims by City against Azcon and Golden Hills for faulty construction of the recreation center; and 2) Golden Hills' cross-claims against Azcon for faulty construction of the recreation center.

On February 13, 1992, the arbitration panel awarded Azcon $2,049,484 and Golden Hills $417,800. Pursuant to SDCL 21–25A–23, Azcon filed a motion with the circuit court for affirmation of the award. Golden Hills moved the court to vacate the award on the same grounds it asserts in this appeal. The trial court affirmed the arbitration award and Golden Hills appeals. We will address each issue, adding relevant facts where necessary.

## ANALYSIS

### I. GOLDEN HILLS' PARTICIPATION IN THE ARBITRATION HEARING DID NOT WAIVE ITS OBJECTION TO THE JURISDICTION OF THE ARBITRATION PANEL.

Azcon asserts that Golden Hills' participation in the arbitration proceeding waived its right to raise the issue of arbitrability after the award notwithstanding Golden Hills' participation was under objection the panel was exceeding its jurisdiction. Golden Hills asserts the issue of jurisdiction was preserved by timely objections and its participation in arbitration did not waive its right to raise questions of jurisdiction on appeal.

The trial court determined that Golden Hills' submission of the question of jurisdiction to the arbitration panel, along with its participation in the proceedings without seeking a judicial stay under SDCL 21–25A–8 constituted a waiver. However, the court went ahead and decided the issues on the merits, apparently to avoid further appeals. This court has never decided whether timely objection will preserve the issue of arbitrability if a party participates in a hearing on the merits.

There is a wide split of authority as to when participation in an arbitration proceeding results in waiver of the right to object. *See* Annotation, *Participating In Arbitration Proceeding As Waiver Of Objections To Arbitrability*, 33 A.L.R.3d 1242 (1970). In some jurisdictions it is sufficient to raise an objection to arbitrability before or at the beginning of the hearing and the issue is preserved for appeal. *A. & E. Plastik Pak Co. v. Monsanto Co.*, 396 F.2d 710 (9th Cir.1968); *Acme Markets, Inc. v. Retail Clerks Int'l Union*, 235 F.Supp. 814 (E.D.Pa.1964); *United Mine Workers v. Pittston Co.*, 210 F.Supp. 781 (N.D.W.Va. 1962); *Hot Springs County Sch. Dist. v. Strube Constr.*, 715 P.2d 540 (Wyo.1986). Other jurisdictions hold that once the issue of arbitrability is submitted to the arbitration panel it is waived. *O'Malley v. Petroleum Maintenance Co.*, 48 Cal.2d 107, 308 P.2d 9 (1957); *Flint Sch. Dist. v. AFL–CIO*, 168 Mich.App. 180, 423 N.W.2d 608 (1988) *rev'd on other grounds*, 431 Mich. 907, 433 N.W.2d 76 (1988); *American Motorists Insurance Company v. Llanes*, 396 Mich. 113, 240 N.W.2d 203 (1976). Some jurisdictions go so far as to find that when the issue of arbitrability is submitted to the arbitration panel it is waived even if the original agreement did not provide for arbitration of that claim. *Collingswood Hosiery Mills Inc. v. American Federation of Hosiery Workers*, 28 N.J.Super. 605, 101 A.2d 372, *rev'd on other grounds*, 31 N.J.Super. 466, 107 A.2d 43 (1953); *National Cash Register Co. v. Wilson*, 8 N.Y.2d

377, 208 N.Y.S.2d 951, 171 N.E.2d 302 (1960); *Aigen v. Giannone,* 49 A.D.2d 562, 370 N.Y.S.2d 186 (1975); *Messina & Briante, Inc. v. Blitman Constr. Corp.,* 32 Misc.2d 21, 223 N.Y.S.2d 533 (1961).

■ We hold the preferable rule is that the right to raise an objection to jurisdiction is preserved if it is made in a timely manner before a hearing on the merits. To hold otherwise would require:

> [O]ur adoption of a rule that would require a party disputing the issue to seek an injunction against arbitration before the proceedings commence, or to refrain from participating on that issue, or to seek court action immediately upon an arbitrator's affirmation of his own jurisdiction, at the penalty of waiver.

*American Bakery & Confectionery Workers v. National Biscuit Co.,* 378 F.2d 918, 921 (3rd Cir.1967).

While SDCL 21–25A–8 provides for a judicial stay of arbitration while a court determines whether an issue is arbitrable, the language is permissive, not mandatory.[1] It would defeat the purpose of creating a system of arbitration to require a party to obtain judicial determination of jurisdiction before proceeding with arbitration. "The purpose of arbitration is to permit a relatively quick and inexpensive resolution of contractual disputes by avoiding the expense and delay of extended court proceedings." *L.R. Foy Constr. Co. v. Spearfish Sch. Dist.,* 341 N.W.2d 383, 388 (S.D.1983)

(Henderson, J. specially concurring) (citations omitted). If the parties are satisfied with the results of arbitration, the issue of arbitrability may never be submitted to our overburdened courts.

■ Arbitrators derive their authority from, and must comply with, the arbitration agreement. *Aamot v. Eneboe,* 352 N.W.2d 647, 649 (S.D.1984). The question of whether a contract to arbitrate exists is a question for the court. *City of Hot Springs v. Gunderson's Inc.,* 322 N.W.2d 8, 11 (S.D.1982). Further, this court has stated:

> The power to construe and define the intent and meaning of plans and specifications made a part of a contract is one thing, and may properly be, as it was in this instance, left to arbiters selected by the parties; the power to construe the contract itself and to determine what is within and what without such contract is a different and independent question, and belongs primarily to the courts.

*Kyburz v. State,* 79 S.D. 114, 118, 108 N.W.2d 645, 647 (1961) (quoting *Tomlinson v. Ashland Cnty.,* 170 Wis. 58, 173 N.W. 300, 303 (1919)). Reserving to the courts the question of the existence and scope of an arbitration agreement is consistent with SDCL 21–25A–24[2] and 21–25A–28.[3] The statutes set forth the narrow grounds upon which arbitration awards may be modified or vacated. A court may vacate an arbitration award where the arbitrators have ex-

---

1. SDCL 21–25A–8 provides:

   On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration.

   If an issue referable to arbitration under the alleged agreement is involved in an action or proceeding pending in a court having jurisdiction to hear applications under § 21–25A–5, the application shall be made therein. Otherwise and subject to § 21–25A–34, the application may be made in any court of competent jurisdiction.

2. SDCL 21–25A–24 provides in part:

   Upon application of a party, the court shall vacate an award where:

   ....

   (3) The arbitrators exceeded their powers;

   ....

   (5) There was no arbitration agreement and the issue was not adversely determined in proceedings under §§ 21–25A–5 to 21–25A–8, inclusive, and the party did not participate in the arbitration hearing without raising the objection[.]

3. SDCL 21–25A–28 provides in part:

   Upon application made within ninety days after delivery of a copy of the award to the applicant, the court shall modify or correct the award, where:

   ....

   (2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted[.]

ceeded their powers as provided in the agreement. *Aamot*, 352 N.W.2d at 649. "The arbitrator's authority is circumscribed by the arbitration agreement, and he can bind the parties only on issues that they have agreed to submit to him. Whether an arbitrator has exceeded these bounds is an issue for judicial resolution." *New Orleans Steamship Ass'n v. General Longshore Wkrs.*, 626 F.2d 455, 467 (5th Cir. 1980) *aff'd sub nom., Jacksonville Bulk Terminals v. Longshoremen*, 457 U.S. 702, 102 S.Ct. 2672, 73 L.Ed.2d 327 (1982).

Because of the narrow judicial review and presumption of correctness accorded arbitration awards, "any claim that the parties intended to exclude the courts from consideration of arbitrability must be borne by 'a clear demonstration of that purpose.'" *American Bakery*, 378 F.2d at 921. In this case, Golden Hills objected several times to arbitration of issues it claimed were foreclosed from arbitration by the settlement agreement. Those objections do not demonstrate a clear intent to waive judicial consideration of whether the issues were subject to arbitrability. The issue of jurisdiction was not waived.

## II. THE ARBITRATION PANEL DID NOT EXCEED ITS JURISDICTION IN CONSIDERING CLAIMS RELATED TO THE RECREATION CENTER.

■ The contract signed by Golden Hills and Azcon on July 20, 1988 provided in part:

16.1 All claims, disputes and other matters in question arising out of, or relating to, this Agreement or the breach thereof, except with respect to the Architect/Engineer's decision on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of Final Payment shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This Agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law.

16.6 These provisions relating to mandatory arbitration shall not be applicable to a claim asserted in an action in a state or federal court by a person who is under no obligation to arbitrate such claim with either of the parties to this Agreement insofar as the parties to this Agreement may desire to assert any rights of indemnity or contribution with respect to the subject matter of such action.

Golden Hills asserts that provision 16.6 precluded arbitration of any issue concerning the recreation center once the City of Lead had filed suit in circuit court and therefore, the trial court erred when it ruled the arbitrators did not exceed their jurisdiction. Azcon argues the provision was correctly interpreted to exclude from arbitration only Golden Hills' claim of indemnity and contribution against Azcon for faulty construction of the recreation center.

The arbitration panel considered briefs from both sides and the original contract before ruling which claims would be subject to arbitration and which claims were excluded by the agreement.

This court has stated that "[u]nder the Uniform Arbitration Act, which this state has adopted, doubt is resolved in favor of arbitration." *Hot Springs*, 322 N.W.2d at 10. We have also recognized that consistent with SDCL 21–25A–7, claims may be severed and heard in different forums. *Id.*

These parties had the freedom to contract and they bargained for arbitration. *Foy*, 341 N.W.2d at 388 (Henderson, J. specially concurring). The arbitration panel found, and the circuit court affirmed, that a valid and enforceable arbitration contract existed. We agree. Now, the parties must abide by their contract. *Id.*

Section 16.1 provided all claims that arose were to be submitted to arbitration unless a claim was specifically exempted or the parties mutually agreed not to arbitrate the claim. Section 16.6 sets forth one claim that is exempted—any claim filed in a state or federal court by a third party who is under no obligation to arbitrate "insofar as" it gives Golden Hills or Azcon a claim

for contribution or indemnity. Golden Hills argues section 16.6 should be interpreted to require severance of any issue related to the claim once a third person who is not contractually required to arbitrate files an action. This interpretation would require severance of the entire claim concerning the recreation center.

To so interpret this contract would be to ignore the entire second phrase of section 16.6. The language of the contract is clear—to the extent that a claim for contribution or indemnity arises in an action filed by a third party, the claim may be severed and heard in a different forum—the remainder of the claim is subject to arbitration.

Golden Hills and Azcon got exactly what they bargained for—the contribution and indemnity portion of the claim relating to construction of the recreation center was not submitted to arbitration. That portion of the claim will be adjudicated in the lawsuit filed by the City of Lead in circuit court. The remainder of the claim was subject to arbitration. The circuit court properly affirmed the jurisdiction of the arbitration panel.

## III. THE ARBITRATION PANEL DID NOT EXCEED ITS JURISDICTION BY AWARDING DAMAGES RESOLVED IN THE PRE–SETTLEMENT AGREEMENT.

■ Judicial review of an arbitration award is very narrow. *Foy*, 341 N.W.2d at 388 (Henderson, J. specially concurring). "Unless one of the statutory subsections [to vacate or modify an award] is applicable, arbitration awards are presumptively correct." *Western Casualty & Surety Co. v. Gridley*, 362 N.W.2d 100, 102 (S.D.1985). Generally, the party asserting error has the burden to show by the record that error has been committed. *Matter of Estate of Armstrong*, 400 N.W.2d 267, 268–69 (S.D. 1987); *Pearson v. Pearson*, 312 N.W.2d 34, 36 (S.D.1981); *Custer County Bd. of Educ. v. State Comm'n on Educ.*, 86 S.D. 215, 193 N.W.2d 586, 589 (1972). The same burden of proof is applicable to appeal of an arbitration award: "when a party claims

that the arbitrators have exceeded their authority, the claimant bears the burden of proving this contention, and every reasonable presumption in favor of the award will be made." *Coventry Teachers' Alliance v. Coventry School Comm*, 417 A.2d 886, 888 (R.I.1980) (citing *Ramos Iron Works, Inc. v. Franklin Construction Co.*, 174 Conn. 583, 392 A.2d 461 (1978); *Seppala & Aho–Spear Assoc. v. Westbrook Gardens*, 388 A.2d 88 (Me.1978)). Golden Hills bears the burden of proving error has been committed.

■ During the construction of the convention and recreation centers, disputes arose over additional compensation, damages, extra costs and time extensions. Therefore, on June 23, 1989, Golden Hills and Azcon entered into a settlement agreement which provided in part:

(a) Azcon releases all claims for extra work, owner delay, weather delay, or any other claim of any kind or character against Golden Hills existing or partially accrued as of the date of this agreement, whether known or unknown, mature or unmature, contingent or liquidated.

\* \* \* \* \* \*

(b) The parties covenant not to sue one another or commence arbitration proceedings against one another, to seek a change in the contract price, or to seek a contract extension or to make any claim for extended performance costs, for any claim so released.

The settlement and agreement was introduced as evidence during the arbitration hearing. Golden Hills claims the arbitration panel exceeded its jurisdiction by considering claims already resolved by the settlement agreement and awarding damages on those claims. Azcon asserts no presettlement claims were submitted to or considered by the arbitrators in awarding damages.

In its brief, Azcon asserts Golden Hills suggested the arbitration proceedings not be recorded by a court reporter and Azcon agreed. Golden Hills does not rebut this assertion in its reply brief. The record

contains no transcript of the arbitration proceeding.

The circuit court found that "Golden Hills has totally failed therefore to meet its burden of proof." We agree. There is no transcript—no evidence presented that the arbitrators considered any claim outside their jurisdiction. Nor is there any evidence the panel considered any claims already satisfied through the settlement agreement. We have repeatedly stated the burden of proof is on the claimant to show error through the record. Here, we have mere allegations and arguments devoid of any specific facts shown by the record. "The appellate record must firmly establish the existence of error." *Armstrong,* 400 N.W.2d at 269; *Crook v. Pap,* 303 N.W.2d 818, 819 (S.D.1981). Golden Hills has failed to show any error was committed in calculating the arbitration award.

We reverse the holding that participation by Golden Hills was a waiver of its objection to jurisdiction of the arbitration panel and affirm on all other issues.

MILLER, C.J., and HENDERSON, SABERS and AMUNDSON, JJ., concur.