*1047 OPINION OF THE COURT
Manuel J. Mendez, J.
It is ordered that this petition to confirm an arbitration award is denied and the respondents’ cross motion to vacate the award is granted. The award is vacated and remanded to the arbitration panel for clarification. The clerk of the court shall enter judgment accordingly.
Petitioner, an employee of Kaufman Brothers, LP (KBRO) from the year 2000, was dismissed on February 26, 2009 for allegedly interfering with the hiring of a new employee. Subsequent to his dismissal petitioner alleges that respondents engaged “in a course of malicious conduct designed to instill extreme emotional distress and to retaliate against him for asserting his rights.” It is alleged that respondents
“(1) made threats to report him to the Internal Revenue Service in order to initiate a criminal investigation/prosecution for tax fraud; (2) fraudulently induced him to default on a loan from his 40IK account thereby creating a taxable event petitioner could not afford; (3) threatened him with prosecution for submitting improper business expense reports; (4) threatened to contact his new employer thereby jeopardizing his employment; (5) plac[ed] on his permanent record allegations that he was terminated for violating company policy.”
Petitioner also alleges that respondents “published, circulated and participated in the preparation and publication of a false, defamatory, malicious and libelous document concerning him.” Petitioner alleges that respondents caused to be filed a U5 termination notice containing false information, knowing that the information was false.
Petitioner filed a claim and amended claim with the Financial Industry Regulatory Authority (FINRA). He asserted two claims in his amended statement of claim which was filed on May 10, 2010. The first claim was for defamation with respect to the alleged false information in the U5 termination notice item 7C (3); the second claim was for extreme emotional distress.
Respondents filed their answer, denying the allegations as contained in petitioner’s statement of claim, with counterclaims.
The matter was submitted to a FINRA panel of arbitrators. In the case summary the arbitrators considered the following causes of action for claimant: “filing of a false, defamatory, malicious and libelous Form U5; and wrongful termination.”
*1048 The arbitrators,
“after considering the pleadings, the testimony and evidence presented at the hearing, and post hearing submissions, decided that
“(1) Respondents are jointly and severally liable for and shall pay to claimant compensatory damages in the amount of $182,500.00[.]
“(2) Claimant’s claim for monetary damages for defamation is denied.
“(3) Recommended expungement of the termination comment in section 3 of claimant’s form U5, and recommended that the termination comment be replaced with ‘Due to personal reasons’ and recommended expungement of the ‘yes’ answer to question 7C (3) and recommended the ‘yes’ answer be changed to ‘no’ and the criminal disclosure reporting page be deleted in its entirety ‘based on the defamatory nature of the information.’
“(4) claimant is liable for and shall pay Kaufman Brothers compensatory damages in the amount of $15,000.00.
“(5) any and all relief not specifically addressed herein, including punitive damages, is denied.”
Petitioner now moves to confirm the arbitrators’ award. Respondents oppose the petition and cross-move to vacate the arbitrators’ award against respondents and modify the award against petitioner. Respondents allege that the arbitrators awarded petitioner $182,500 on a claim for wrongful termination, when petitioner did not bring a claim for wrongful termination, and a wrongful termination cause of action does not exist in the State of New York. Respondents further allege that the arbitrators ignored the evidence and rendered an irrational decision by awarding KBRO $15,000 for unrecovered commissions draws rather than the correct amount clearly due of $30,232.91, and ignored KBRO’s claim for $10,000 for the stolen tickets and damage inflicted by petitioner.
“It is well settled that judicial review of arbitration awards is extremely limited. An arbitration award must be upheld when the arbitrator offer[s] even a barely colorable justification for the outcome reached . . . [A]n arbitrator’s award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to *1049 their sense of justice ... A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one.” (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479-480 [2006] [internal quotation marks and citations omitted].)
It therefore follows that a court should not vacate an award because it does not agree with the result arrived at by the arbitrator. However, when there is ambiguity, uncertainty, irrationality, and lack of clarity and definition the award should be vacated and remanded to the arbitrator for clarification.
“[A] court, before which there is a petition to confirm or vacate an arbitration award, [has the authority] to remand the matter to the arbitration panel when the panel’s award does not dispose of a particular issue raised by the parties or indicate the panel’s intention with respect to it, or when the award is ambiguous and not sufficiently explicit” (Hamilton Partners v Singer, 290 AD2d 316, 316 [1st Dept 2002] [remanding for clarification when the award is ambiguous as to the intent of the panel and fails to address and dispose of the issues raised by the parties or make specific findings of fact or credibility]).
Where an arbitrator’s opinion is self-contradictory, and thus irrational, it should be remanded for clarification (Matter of Kalgren [Cent. Mut. Ins. Co.], 68 AD2d 549 [1st Dept 1979]). Where an arbitrator’s award is not clear and definite, any uncertainty about the purport of the award should be submitted to the arbitrators for clarification (Aigen v Giannone, 49 AD2d 562 [2d Dept 1975]).
Petitioner did not make a wrongful termination claim; his claims were for defamation and intentional infliction of emotional distress. Although the body of the award referred to the defamatory character of the U5 form, the claim for defamation was dismissed. On the other hand, the arbitrators made an award of $182,500 without explaining on which claim; this lack of explanation creates an ambiguity that must be explained by the arbitrators. They also made an award of $15,000 on the counterclaim without the benefit of explanation. In sum, the arbitrators failed to address and dispose of the issues raised by the parties or make specific findings of fact or credibility.
Accordingly, it is hereby ordered and adjudged that the petition to confirm the arbitrators’ award is denied and the proceed *1050 ing is dismissed; and it is further ordered and adjudged that the cross motion to vacate the award is granted, and the arbitrators’ award is vacated; and it is further ordered that the matter is remanded to the arbitration panel for clarification.