#26730, #26749-aff in pt, rev in pt & rem-JKK

**2014 S.D. 68**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

BLACK HILLS SURGICAL
PHYSICIANS, LLC,                                             Plaintiff and Appellant,


v.


REUBEN C. SETLIFF, III,                                     Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE CRAIG A. PFEIFLE
Judge

\* \* \* \*

STEPHEN C. HOFFMAN
HEATHER LAMMERS BOGARD
JESS M. PEKARSKI of
Costello Porter Hill Heisterkamp
 Bushnell & Carpenter, LLP
Rapid City, South Dakota                    Attorneys for plaintiff
                                            and appellant.


MICHAEL C. LOOS of
Clayborne, Loos, & Sabers, LLP
Rapid City, South Dakota                    Attorneys for Larry
                                            Teuber, MD.


KENT R. CUTLER
KIMBERLY R. WASSINK
JOSEPH M. DYLLA of
Cutler & Donahoe, LLP
Sioux Falls, South Dakota                   Attorneys for defendant
                                            and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON FEBRUARY 18, 2014
OPINION FILED **09/24/14**

KONENKAMP, Justice

[¶1.]    In this appeal seeking to vacate an arbitration award, we examine whether the arbitrator exceeded her powers.

## Background

[¶2.]    In May 2012, Dr. Rueben C. Setliff, III, brought suit in circuit court against Drs. Larry Teuber, Pat Tlustos, Jim Shea, Jim Scherrer, Lew Papendick, and Jay Hammerquist (Managers) individually and in their capacities as members of the management committee of Black Hills Surgical Physicians, LLC (BHSP).[1] Setliff cast his claim as a derivative action under SDCL chapter 47-34A (2012).[2] He alleged that the Managers breached their fiduciary duties under BHSP's Operating Agreement.  He sought reimbursement of his expenses and attorney's fees, removal and replacement of the Managers, redemption of Teuber's membership interests, and an award of damages to BHSP, including repayment to BHSP of certain distributions to Teuber.

[¶3.]    Relying on the provisions of the Operating Agreement, BHSP applied to the circuit court to compel Setliff to arbitrate his claims.  The Operating Agreement provides, in part, that "[a]ny dispute or difference arising between a Member and [BHSP] whether as a result of this Agreement or otherwise, shall be subject to binding arbitration."  BHSP asserted that as a derivative action against

---

1.    Dr. Hammerquist was later dismissed from the proceedings.

2.    In 2013, SDCL chapter 47-34A was amended and renumbered.  2013 S.D. Sess. Laws ch. 233, § 44.

the Managers, Setliff was the "Company" and the Managers were the "Member," and, therefore, the suit was between "a Member" and BHSP.

[¶4.] The circuit court ruled that the dispute was subject to arbitration. Setliff then filed his claim against the Managers with the American Arbitration Association. BHSP brought a counterclaim requesting that Setliff be expelled from the company. The parties stipulated that no record of the arbitration proceeding would be made. An attorney was selected as the arbitrator, who in accordance with a requirement in the Operating Agreement had "significant experience in the medical practice management field."

[¶5.] After a four-day evidentiary hearing in December 2012, the arbitrator issued her award in a twelve-page, single-spaced decision. She analyzed the testimony and evidence presented and detailed her findings on both BHSP's and Setliff's claims. She concluded that removal of the Managers was not warranted, even if she had the authority to do so. She also denied forced redemption of Teuber's membership interests and any repayment for prior distributions to him. On BHSP's counterclaim for Setliff's expulsion, the arbitrator ruled such action unwarranted.

[¶6.] Citing SDCL 47-34A-1104 (2012), the arbitrator found that Setliff's claim was a "derivative action." She ordered that Setliff recover "attorney's fees and costs" against the Managers. In turn, she ruled that the Managers were "all entitled to be indemnified" by BHSP under the Operating Agreement, Section 4.2. She further ordered that "the attorneys' fees and costs incurred by each party herein shall be borne by each party, respectively," subject to her award of attorney's

fees to Setliff. Subject also to company indemnification, the Managers were to bear the administrative fees and expenses of the American Arbitration Association totaling $18,800 and the compensation and expenses of the arbitrator totaling $52,479.18. Because Setliff previously incurred expenses and fees of $40,439.59 on behalf of BHSP, the arbitrator ordered the Managers, subject to indemnification, to reimburse Setliff.

[¶7.] BHSP applied to the circuit court to vacate the arbitrator's attorney's fees and expenses award, asserting that the arbitrator exceeded her powers. *See* SDCL 21-25A-24(3).[3] For his part, Setliff requested confirmation of the award. In its oral ruling, the circuit court expressed doubts about the standard of review because, in some of this Court's decisions, we have said that whether arbitrators exceed the scope of their authority is a question of law, reviewable de novo. In other cases, the circuit court remarked, our standard of review was extremely deferential. Deciding to give a "very deferential" review of the arbitrator's award, the circuit court ruled that "the arbitrator arguably was within the scope of her authority in making the award of fees and costs," considering her "finding that this was a derivative claim[.]" Thus, the court confirmed Setliff's award of "attorney's fees, costs, and disbursements in the amount of $258,196.93," with "interest at the statutory rate of 10% per annum from December 21, 2012 until the date of payment." The court also granted BHSP's request to seal the unredacted portions of the record.

---

3. SDCL 21-25A-24(3) provides: "Upon application of a party, the court shall vacate an award where: . . . (3) The arbitrators exceeded their powers[.]"

[¶8.]        BHSP appeals on the ground that the circuit court erred when it concluded that the arbitrator had not exceeded her powers.[4] Setliff, by notice of review, appeals the order sealing portions of the record.

**I.**

### A. Arbitration Agreement

[¶9.]        BHSP contends that the arbitrator exceeded her powers under SDCL 21-25A-24(3) when she awarded Setliff attorney's fees and expenses in violation of the arbitration provision in BHSP's Operating Agreement.  Setliff, conversely, relies on the deferential review standard we give to arbitration awards and argues that an arbitrator's even barely colorable contract interpretation must stand.

[¶10.]       Arbitrators exceed their powers when they decide matters not properly before them, and here the arbitrator's powers derived from the arbitration agreement. *See Aamot v. Eneboe*, 352 N.W.2d 647, 649 (S.D. 1984).  Thus, the

---

4.     Setliff argues that because the attorneys for BHSP and Teuber did not object to Setliff's request for attorney's fees and expenses during the arbitration proceeding, the issue was waived for appeal purposes.  For this proposition, Setliff cites *City of Fostoria v. Ohio Patrolman's Benevolent Association*, 833 N.E.2d 720, 726 (Ohio 2005).  That case involved far more than a failure to object.  The *Fostoria* court found that the city could "not be permitted to take advantage of an error which [the City] invited or induced" the arbitrator to make, when the city arbitrated multiple grievances in the same proceeding and later complained that each grievance had to be heard individually. *See id.* at 723.  In contrast, nothing in the record here supports a conclusion that BHSP or Teuber induced or invited the arbitrator to conclude that an award of attorney's fees to Setliff was within her powers.  More importantly, in South Dakota, to determine whether arbitrators exceeded their powers, we examine (1) the submission or agreement and (2) the award. *Spiska Eng'g, Inc., v. SPM Thermo-Shield, Inc.*, 2007 S.D. 31, ¶ 12, 730 N.W.2d 638, 643.  We do not review arbitration proceedings as we would trial proceedings, with their formal rules for preserving a record for appeal, because arbitration is an informal, non-judicial process.

question is whether the arbitrator's award conforms to the agreement. BHSP's

Operating Agreement contained the following provisions on arbitration:

> Any dispute or difference arising between a Member and [BHSP] whether as a result of this Agreement or otherwise, shall be subject to binding arbitration.
>
> > \* \* \*
> >
> > B. *The Member and* [*BHSP*] *agree to equally divide the cost and* expense *of the arbitration except that each shall pay their own attorney's fees.*
> >
> > \* \* \*
> >
> > F. Any judgment or order entered by the arbitrator may be entered in any court having jurisdiction thereof.

(Emphasis added.)

[¶11.]    In the arbitrator's decision, though she acknowledged that she was

designated to act under the parties' arbitration agreement, she did not analyze or

interpret the costs and attorney's fees provision in deciding to award Setliff

attorney's fees. Characterizing Setliff's dispute as "a derivative action" on behalf of

BHSP, she ruled that Setliff "shall recover" his "attorneys' fees and costs[.]"

[¶12.]    This award can be viewed in two ways, depending on our level of

deference. On the one hand, we might conclude that, while the arbitration

agreement mandates that the parties pay their own attorney's fees, the arbitrator

may not have considered the dispute to be one in which the attorney's fees provision

applied because she found that Setliff's claim was a "derivative action." As in

typical derivative claims, the request for relief Setliff submitted was couched on

behalf of the company, BHSP. In such case, should we defer to the arbitrator's

implied contract interpretation allowing an award of attorney's fees?

[¶13.] On the other hand, we could conclude that in the face of an express provision requiring the parties to pay their own attorney's fees, a Member cannot thwart that provision by employing a "cause of action" (here a derivative action) that would allow an attorney's fees award. Did the Members not contract away a right to recover such fees in "*any dispute or difference* arising between a Member and [BHSP]"? (Emphasis added.) Would the language "any dispute or difference" include a derivative action? And if it does, did the arbitrator exceed her powers by contravening the attorney's fees provision? To answer these questions, we must delve into the nature of arbitration and the appropriate standard of review.

### B. Standard of Review

[¶14.] Commercial arbitration is a nonjudicial form of alternative dispute resolution. It touts the advantages of flexibility, efficiency, and finality.[5] Those who voluntarily make arbitration agreements assuredly bargain for these advantages, and a deferential standard of review protects such contractual arrangements. *Moncharsh v. Heily & Blase*, 832 P.2d 899, 903-04 (Cal. 1992). A full-court review of arbitration decisions would render arbitration a mere prologue to the more burdensome and time consuming judicial process. *W. Cas. & Sur. Co. v. Gridley*, 362 N.W.2d 100, 102 (S.D. 1985) (citations omitted). Consistent with this policy, our Legislature enacted laws strictly limiting when courts may vacate an arbitration award. Unless one of the statutory subsections in SDCL 21-25A-24 applies, an arbitrator's award is not subject to judicial vacation. *Azcon Constr. Co.,*

---

5. *See generally* Raymond G. Bender, Jr., "*Just and Accurate*": *Confronting Limited Appeal Rights in Arbitration*, 30 Alt. to High Cost Litig. 146 (2012).

*Inc. v. Golden Hills Resort, Inc.*, 498 N.W.2d 630, 635 (S.D. 1993) (quoting *W. Cas. & Sur. Co,* 362 N.W.2d at 102); *see also Thunderstik Lodge, Inc. v. Reuer*, 1998 S.D. 110, ¶ 12, 585 N.W.2d 819, 822.

[¶15.]     Having only limited statutory authority to vacate awards, we accord them extraordinary deference on review. *Vold v. Broin & Assocs., Inc.*, 2005 S.D. 80, ¶ 10, 699 N.W.2d 482, 486 (citation omitted). We will confirm arbitration awards even when we deem them erroneous, as long as the arbitrators were arguably interpreting and acting under the agreement. *Id.* (citation omitted). We are not free to second-guess arbitrators' findings of fact, conclusions of law, or contract interpretation.

[¶16.]     But on the question whether arbitrators exceeded their powers, we have long held a less deferential standard of review. "Arbitrators derive their authority from, and must comply with, the arbitration agreement." *Azcon Constr. Co., Inc.*, 498 N.W.2d at 633; *see also Peska Constr. Co., Inc. v. Portz Inv., LLP,* 2003 S.D. 136, ¶ 16, 672 N.W.2d 483, 487 (citation omitted); *Aamot*, 352 N.W.2d at 649. Whether arbitrators exceeded their powers as conferred by an arbitration agreement or submission "is an issue for judicial resolution." *Azcon Constr. Co., Inc.*, 498 N.W.2d at 633; *Peska*, 2003 S.D. 136, ¶ 16, 672 N.W.2d at 488 (citation omitted). In deciding whether arbitrators have exceeded their powers, courts "'need only examine the submission and the award to determine whether the award conforms to the submission.'" *Spiska Eng'g, Inc.*, 2007 S.D. 31, ¶ 12, 730 N.W.2d at 643 (citation omitted). Furthermore, when a circuit court vacates or confirms an arbitration award, we review any findings of fact for clear error, but take plenary

review of the court's conclusions of law. *See Vold*, 2005 S.D. 80, ¶ 10, 699 N.W.2d at 485 (citation omitted). Thus, the circuit court's decision here that the arbitrator did not exceed her authority under SDCL 21-25A-24(3) is reviewed de novo.

### C. Award Rationally Drawn From the Agreement

[¶17.]		Did the award the arbitrator selected conform to the arbitration provisions in the Operating Agreement? "The critical question with regard to remedies is not whether the arbitrator has rationally interpreted the parties' agreement, but whether the remedy chosen is rationally drawn from the contract as so interpreted." *Advanced Micro Devices, Inc. v. Intel Corp.* (*AMD*), 885 P.2d 994, 1003 (Cal. 1994). As the United States Supreme Court explained, when arbitrators' awards derive from their construction of the agreement, even an erroneous construction, then such awards are within their authority. *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597-99, 80 S. Ct. 1358, 1361-62, 4 L. Ed. 2d 1424 (1960). Awards must be upheld if they were even arguably based on the contract. *Id*. Only when arbitrators "*must* have based" their awards "on some body of thought, or feeling, or policy, or law that is outside the contract" are such awards deemed in excess of the arbitral powers delegated in the parties' agreement. *Ethyl Corp. v. United Steelworkers of Am.*, 768 F.2d 180, 184-85 (7th Cir. 1985) (Federal Arbitration Act case dealing with "exceeded their powers" language).

[¶18.]		Here, the arbitrator did resort to an extraneous source to make her attorney's fees award: the derivative action statutes in South Dakota's Uniform Limited Liability Company Act. *See* SDCL ch. 47-34A-1101. As Setliff framed his arbitration claim, it was brought on behalf of BHSP against its management

committee, comprised of five individual members. Yet, under the Operating Agreement Section 15.11, this was still a "dispute or difference arising between a Member [here multiple members] and [BHSP] whether as a result of [the] Agreement or otherwise. . . ." And the circuit court's original ruling that this matter was subject to arbitration under this provision stands unchallenged. As to attorney's fees, the arbitration provision states in part that "[t]he Member and [BHSP] agree to equally divide the cost and expense of the arbitration except that *each shall pay their own attorney's fees*." Operating Agreement, Section 15.11(B) (emphasis added). It is immaterial, therefore, whether Setliff was acting derivatively as BHSP or as a "Member" — the agreement unambiguously required each side to pay their own attorney's fees.[6]

[¶19.] As one court noted, how a violation of an express restriction on an arbitrator's power can be rationally drawn from an interpretation of the agreement is difficult to comprehend. *AMD*, 885 P.2d at 1006 (quoting *Hecla Mining Co. v. Bunker Hill Co.*, 617 P.2d 861, 869 (Idaho 1980)). By contrast, in *Spiska*, we declined to vacate an award because we could not "say with positive assurance that the Agreement [was] not susceptible of the arbitrator's interpretation." 2007 S.D. 31, ¶ 26, 730 N.W.2d at 646. But here the award was plainly beyond the scope of

---

6. BHSP also contends that even if the remedies applicable to derivative actions can contravene the attorney's fees limitation in the arbitration agreement, the arbitrator exceeded her authority when she awarded fees because she ruled that "no one was really the victor[.]" *See* SDCL 47-34A-1106(b) (2012) (fees may be awarded to the plaintiff "from the recovery of the limited liability company" when the derivative action is successful in whole or in part). We need not reach this issue in view of our conclusion that the arbitration agreement precluded the award of attorney's fees.

available remedies. We conclude that the arbitrator exceeded her powers in awarding Setliff his attorney's fees and expenses in direct violation of BHSP's Operating Agreement. We reverse the circuit court's order affirming the award. In view of this decision, we need not reach BHSP's other arguments.

**II.**

[¶20.]        By notice of review, Setliff appeals the circuit court's decision to seal a portion of the arbitration award. He contends that the information in the arbitration award is not the type of material entitled to protection and that BHSP failed to identify an overriding interest or a narrowly-tailored remedy to justify sealing part of the award. In response, BHSP contends that the circuit court only sealed that portion of the award unrelated to the attorney's fees dispute. Moreover, BHSP claims that Setliff stipulated to the entry of a Confidentiality Order in the arbitration proceedings and is "estopped from his 'gamesmanship' in raising his 'public access' arguments now."

[¶21.]        We review the court's order to seal the record for an abuse of discretion. *Rapid City Journal v. Delaney*, 2011 S.D. 55, ¶ 9, 804 N.W.2d 388, 392. In sealing a portion of the arbitration award, the court recognized that BHSP only placed before it the issue of the arbitrator's award of attorney's fees and expenses. Secrecy in judicial proceedings is disfavored, but the issue in this proceeding was whether the arbitrator exceeded her authority. That issue could be resolved by review of the redacted award. The circuit court did not abuse its discretion when it sealed part of the award unrelated to the limited issue before the court.

[¶22.]        Affirmed in part, reversed in part, and remanded.

#26730, #26749

[¶23.] GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and WILBUR, Justices, concur.